### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## WESTERN DIVISION

## JACKSON, APRIL TERM, 1918.

YORK LUMBER & MFG. CO. *v.* McKNIGHT & MERTZ *et al.*

*(Jackson.* April Term, 1918.)

MECHANICS' LIENS. Lumber used for temporary purposes. Right to lien.

Under Thompson-Shannon Code, section 3531, providing for a lien in favor of one who furnishes material for the building contemplated, plaintiff, who in good faith furnished lumber, believing that it was to be used in a permanent structure, would be entitled to a lien, although the lumber was used in making forms for concrete, and at least seventy-five per cent. was usable at another place on completion of the work for defendants.

Cases cited and approved: Cohn & Goldberg v. Construction Co., 131 Tenn., 445; Daniel & Co. v. Weaver, 73 Tenn., 392; Jonte v. Gill (Ch. App.), 39 S. W., 750.

Code cited and construed: Secs. 3531, 3580 (T.-S.).

139 Tenn.]                    (687)

### FROM MADISON.

Appeal from the Chancery Court of Madison County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —J. W. Ross, Chancellor.

J. T. ROTHROCK, JR., and GEO. & T. W. HARSH, for appellant.

R. F. SPRAGINS, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Lumber, being material that is lienable, as relates to a theater building, under the statute (Thompson's Shannon's Code, section 3531), is the furnisher thereof to be denied a lien by reason of the fact that a temporary and nonconsuming use is made of the lumber in making forms for concrete work, notwithstanding he did not supply the same with knowledge or intent that it would be so used, but, on the contrary, did so under a special contract which looked to the material being wrought into the structure?

In *Cohn & Goldberg* v. *Construction Co.*, 131 Tenn., 445, 175 S. W., 536, it was held that a furnisher of

lumber for use in the erection of concrete culverts in the making of forms for the concrete work was entitled to a lien upon a railroad under Thompson's Shannon's Code, section 3580, where the lumber was practically consumed or destroyed in that use. There it appeared that the material was sold and delivered by the furnisher for that very use.

Here, the lumber was not practically destroyed or consumed in the work on defendants' premises; only ten per cent. of it being wasted, and fifteen per cent. being damaged, and the furnisher did not have notice that the lumber was to be so used, or utilized otherwise than in the permanent structure.

These facts made applicable the rule announced in *Daniel & Co.* v. *Weaver,* 5 Lea (73 Tenn.), 392, and in *Jonte* v. *Gill* (Ch. App.), 39 S. W., 750 (opinion by the present Chief Justice), to the effect that it is not the actual use of lumber in a building by the owner that gives the furnisher a lien, but the furnishing under a contract for that use, and that the lien exists whether the lumber was used or not.

It is not essential that the materials furnished in good faith under a special contract for use in the erection of such a structure be actually used, under Thompson's Shannon's Code, section 3531, providing for a lien in favor of one who furnishes material for the building contemplated.

Therefore the fact that there was only a partial waste or consumption of the lumber, seventy-five per cent. at least of which was usable at another place

on completion of the particular work for defendants, does not avail to prevent a lien attaching.

Both of the lower courts so held. Writ of *certiorari* to bring under review the judgment of the court of civil appeals is denied.