R. P. SULLIVAN et al. v. ALLEN S. EASON.

Middle Section.    April 16, 1927.

No petition for Certiorari was filed.

1. **Principal and surety.** An advantage gained by the principal on appeal enures to the benefit of his surety.

Where the principal in the case appealed, but the surety did not join, held any advantage thereby gained by him would enure to the benefit of his surety on bonds executed in the progress of the cause, without the joinder of the surety in the appeal.

2. **Appeal and error.** Writ of error does not suspend judgment unless supersedeas granted also.

A writ of error does not suspend the execution of the judgment unless the judge of the appellate court who issues the writ or the court as a whole

issuing the writ is of the opinion that there is error and shall order a supersedeas to issue.

3. **Appeal and error. Supersedeas.** A judge of appellate court has no right to .order a supersedeas unless he believes there is error in the judgment or the decree.

A judge of the appellate court has no lawful right to order a supersedeas to issue, unless he is of the opinion, from an inspection of the record, that there is error in the judgment or the decree which he is asked to supersede.

Error to Chancery Court of Davidson County; Hon. James B. Newman, Chancellor.

Writ of error granted. Supersedeas denied.

Roberts & Roberts, of Nashville, for plaintiff in error.

Joseph C. Higgins, of St. Petersburg, Fla., for defendants in error

FAW, P. J.   The record in this case is before us on a petition for writs of error and supersedeas.

It appears that four cases were consolidated and heard together under the above style in part II of the chancery court of Davidson county, and by the final decree therein a judgment was rendered against the present petitioner (the defendant below) and in favor of R. P. Sullivan, a complainant below, for $971.25 and costs, and, by the same decree, three judgments were rendered against petitioner Allen S. Eason and in favor of J. F. Johnson, J. C. Johnson and H. G. Johnson, respectively, aggregating $874.07 and costs, and for $7.50 of the last named amount judgments were rendered against The Fidelity & Deposit Company of Maryland as surety of petitioner Allen S. Eason on certain bonds executed in the progress of three of the consolidated cases.

Allen S. Eason, against whom all of said judgments were rendered, has filed a petition asking this court to grant a writ of error to bring the record into this court for review upon assignments of error filed with the petition, and for a supersedeas to stay the execution of process for the collection of the aforesaid judgments.

The Fidelity & Deposit Company of Maryland has not joined in the petition, but if the writs prayed for should be granted to Eason, the principal, any advantage thereby gained by him would enure to the benefit of his surety on bonds executed in the progress of the cause, without the joinder of the surety in the petition.  See cases collated in note 5 under section 4891, Shannon's New Code.

It is provided by the Act of 1925, chapter 100, section 11, that ''the Court of Appeals and the individual members thereof are given power to grant writs of error, certiorari and supersedeas in cases within the jurisdiction of said court, such writs to be returnable to the Court of Appeals in the division in which they arose, and the practice in

such cases in the Court of Appeals shall be the same as is now prescribed by law for the Supreme Court.''

The final decree of the chancery court was pronounced and entered on December 18, 1925, and the petition was filed on December 6, 1926. The petition, accompanied by a duly certified transcript of the record and assignments of error, being filed within a year from the decree, the petitioner is entitled to the writ of error as a matter of right. Shannon's Code, sections 4912 and 4916.

But not so with the supersedeas. It is provided by Shannon's Code, section 4913 that ''the writ of error does not supersede the execution of the judgment, unless a judge of the Supreme Court is of opinion, from inspecting the record, that there is error, and shall order a supersedeas to issue.''

As we construe section 4913, supra, a judge of this court has no lawful right to order a supersedeas to issue, unless he is of opinion, from an inspection of the record, that there is error in the judgment or decree which he is asked to supersede. Richardson v. Richardson, 3 Shannon's Cases 401; Warren v. Smith, 7 Lea 75.

The petition now before us was not presented to a judge of this court at chambers, but is addressed to the Court of Appeals, at Nashville, and was filed in the clerk's office and presented to the court in term time. In accordance with the practice of the Supreme Court when in session, as stated in Stafford v. Williams, 3 Shannon's Cases 311 (which practice has been heretofore followed by this court), the petition has been considered in consultation by Judge Crownover and the writer of this opinion—Judge DeWitt being incompetent in the case—and the conclusion reached, as hereinafter stated, is the conclusion of a majority of the court.

After an examination of the record and the assignments of error presented along with the petition, we are of the opinion that there is no error in the judgment which petitioner seeks to have superseded. It being our opinion that there is no error, we are without lawful authority to ''order a supersedeas to issue,'' and the petition for the writ of supersedeas will be denied.

Petitioner states on oath that, owing to his poverty, he is not able to give bond for cost or for the writ of supersedeas. Upon this oath he is entitled to the writ of error without bond (Shan. Code, 4914), but we have not been able to find any statutes which, as we interpret them, furnish authority for the issuance of a supersedeas in aid of a writ of error, without bond.

However, the Supreme Court seems to have held, in effect, that it derived such authority from section 3133 of the code. Campbell v. Boulton, 3 Baxter 354, 356; Mowry v. Davenport, 6 Lea 80, 83. If the question were an open one, we would be inclined to hold that section 3133, supra (Shan. Code, sec. 4864), relates exclusively to'

supersedeas in aid of certiorari, and has no reference to supersedeas in aid of writ of error (see Gibson's suits in chancery, 1st ed. sec. 1110 and note 5 on page 1050) ; but it is our duty to follow the practice established by the Supreme Court.

Moreover, the decision of this question at this time is unnecessary, and is pretermitted, in view of our conclusion that the supersedeas must be denied for the reason that in our opinion there is no error in the record.

We are conscious of the fact that the denial of the supersedeas on the ground that there is no error in the record constitutes a decision adverse to the petitioner of every question upon which he could rely for a reversal on the trial under his writ of error, but we see no way to avoid this result, in view of our lack of lawful power to order a supersedeas to issue except upon a finding that there is error in the judgments of which petitioner complains.

However, as petitioner is entitled to the writ of error as a matter of right, the order denying the supersedeas will be made without prejudice to the right of petitioner to have a review by this court of all questions of law and fact raised by his assignments of error when the case is reached on the call of the docket.

An order will be entered granting the writ of error and denying the writ of supersedeas, but such denial to be without prejudice, as stated in this opinion.

Judge Crownover, concurs.

Judge DeWitt did not participate.