# FRANK D. RAMBO et al. v. NAYLOR ENGINEERING COMPANY et al.

Middle Section. May 18, 1929.

Petition for Certiorari denied by Supreme Court, December 21, 1929.

Routt & Myers, of Fayetteville, for appellants.
Giles L. Evans, of Nashville, for appellees.

DeWITT, J. Boyd Williams entered into a contract with the State Highway Commission in 1921 for the construction of a highway from the Bedford county line to Fayetteville. He furnished a bond conditioned that he "complete the work contracted for and shall save harmless the State of Tennessee from any expense incurred through the failure of said contractor to complete the work as specified, or his, their, or its servant, or for any liability for payment of wages due, or material furnished said contractor; and shall well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway, all and every sum or sums of money due him, them or any of them, for all such labor and materials for which the contractor is liable."

The Southern Surety Company was the surety on this bond. This bond was given pursuant to a requirement in section 6, chapter 74, of the Public Acts of 1917, as follows:

"All contractors with whom contracts are made by the department shall enter into good and solvent surety bond in an amount fixed by the department, conditioned upon the full and faithful performance of every part and stipulation of the contract, especially the payment for all materials purchased and for all labor employed in the contemplated work."

It is thus seen that while the statute required a bond to secure payment for "all materials purchased" and for all labor employed in the contemplated work, the bond given provided for payment to "all and every person furnishing material or performing labor in and about the construction of said roadway." It is insisted that this bond was not only executed conformably to the statute, but was broader and more comprehensive than that so required—binding the contractor and his surety to pay for other labor or material than that required to be paid for by them under the statute; that it was dual in its nature, a statutory bond as to labor done and materials furnished in the construction of the highway, and a common-law bond as to labor done and materials furnished about the construction.

Williams sublet to Naylor Engineering Company, a partnership, a part of the work, about two miles north of Fayetteville. The bill in this cause was filed by certain creditors of Naylor Engineering Company to recover of the principal contractor and his surety monies alleged to be due them for labor done and materials furnished to said subcontractor in and about its said work. The question presented upon this appeal is whether or not the Chancellor erred in awarding recoveries against the principal contractor and his surety in favor of complainants F. D. Rambo (trading as Rambo Motor Co.) and C. C. Isom.

Rambo, an automobile dealer and garage proprietor in Fayetteville, insists upon his demand by account for gasoline, oil, tires, repairs furnished by him to Naylor Engineering Company for its Nash automobile owned and used by it in performing its contract; also for storage of said car and rent of another car while that car was disabled; and for oil furnished for a compressor used in the work by the Naylor Company.

Isom's claim is for hauling and furnishing ice and water for drinking by the working crew of the Naylor Company, and water consumed in operating its machinery; and for hauling machinery for repairs, transporting laborers between Fayetteville and the place of work, and hauling various articles thereto.

Defendant Williams contends that neither he nor his surety is bound for any of these obligations; that "there is nothing in said contract that authorized the said Naylor Engineering Company, or anyone else, to employ automobiles to carry their hands back and forth from their work, or to carry materials, or anything else, to the grounds, and this defendant repudiates all such extravagance." He insists that not only did he not authorize or contemplate any of such expenditures, but it would be unreasonable and "monstrously unfair" to hold him liable for them.

The Naylor Engineering Company used its Nash car in transporting its workmen from Fayetteville, where they lived or boarded, to the place of work; and Isom also hauled their laborers back and forth in a wagon. They had no living accommodations at the place of work, and only two small houses were between it and Fayetteville, these being very small. Many of these laborers were brought there from other places. It is reasonably to be inferred that this transportation of these laborers was necessary. The Naylor Engineering Company employed about one hundred laborers. It was during the summer season. Of course, the furnishing of cool water for the men to drink, and water for the machinery, was necessary. It is insisted that it was not necessary to haul it so far, as there was ample water in a spring on private property about 250 yards away; but there is evidence that the proprietor objected to the use of the spring, and it is to be inferred that this water would have been used if it had been feasible.

The reasonableness of the amounts of the charges made is not challenged.

The language in the statute, "in the contemplated work," is tantamount to the language in the bond, "in and about the construction of said roadway." Both expressions cover materials furnished and labor done, necessary to the performance of the contract. The word, "about," implies an integral relation to the work and the things necessary thereto.

Section 6 of chapter 74 of the Acts of 1917 provides that the contractor and his surety shall be liable to "all laborers and other employees working for him, his subcontractors, or his agents."

The rule of strictissimi juris does not apply in favor of a paid surety upon such bond as is under consideration. 32 Cyc., 306; Doherty Surety Co., 1 Hig. (Tenn. C. C. A.), 221. It is subject to the same rules of construction as an insurance contract. Of course, the court will not extend the contract beyond its import nor undertake to make any new contract for the parties.

The law is plain that the principal contractor and his surety are liable to payment for all labor done and material, of consumable character, used or to be used in the performance of the contract. Southern Construction Co. v. Halliburton, 149 Tenn., 319, 258 S. W., 409; Hamblen Motor Co. v. Harle, 150 Tenn., 602, 266 S. W., 99.

When such contractor sublets to another party, he takes a risk of non-payment by the subcontractor; and if he does not provide against the subcontractor's extravagance or unbusiness-like methods, laborers and materialmen innocently dealing with the subcontractor for purposes necessary to performance of the work, have recourse against the principal contractor and his surety.

We are of the opinion that Isom's claim—for hauling water, ice, dynamite, hardware, and going to Huntsville, Alabama, to have a steam drill welded—was correctly allowed.

As to Rambo's claim, it appears that the grease, gasoline and repairs were furnished to enable the Naylor Engineering Company to use its automobile in performance of the work; that certain items are for repairs on the compressor; that other items are for hire of an automobile, when the Naylor car was disabled, to haul laborers to the place of work. These items, in our opinion, were allowable, for they bore a proximate relation to the work in hand. But the following charges were not allowable: $12 for hire of automobile for a foreman (Southern Const. Co. v. Halliburton, 149 Tenn., 341); $90.90 for casings and tubes (Hamblen Motor Co. v. Miller and Harle, 150 Tenn., 613); $4 for washing and polishing the car; $12 for storage of the car (So. Const. Co. v. Halliburton, supra, p. 339, by analogy to rent of camp site). The total of these items is $118.90, which, deducted from the amount allowed, $741.52, leaves $622.62 as allowable.

The Southern Surety Company is entitled to the benefit of this reduction, although a decree pro confesso was rendered against it by the chancery court. Sullivan v. Eason, 5 Tenn. App., 137.

It results that the decree of said court will be modified to the extent above shown, otherwise affirmed.

Faw, P. J., and Crownover, J., concur.