T. F. Nicks, Complainant, Appellant, *v.* W. C. Baird & Co. *et al.,* Defendants, Appellees.*

(*Nashville,* December Term, 1931.)

Opinion filed July 23, 1932.

---

*As to materials consumed by use, see R. C. L. Perm. Supp., p. 5242.

On rental of equipment, see annotation in 43 L. R. A. (N. S.), 171; R. C. L. Perm. Supp., p. 5242.

As to nature of labor or materials, see annotation in 43 L. R. A. (N. S.), 162; L. R. A., 1915F, 951.

90

Joe B. Weems, for complainant, appellant.

Seth M. Walker and J. E. Travis, for defendants, appellees.

Mr. Justice Swiggart delivered the opinion of the Court.

Complainant is the owner of a steam boiler which he rented to Baird and Company, for use in the execution of a contract to construct a state highway bridge. The boiler was used to generate power to force water through hollow piles; the water serving to remove the earth beneath the piles, so that they could be lowered to a depth that would permit the operation of an ordinary pile driver. The regular equipment of Baird and Company included a pile driver, operated by a boiler and engine, but the piles being too long to be started by the pile driver, the additional boiler was necessary to operate the water pump. The contract was that complainant, otherwise employed on the bridge construction at a *per diem* wage, should receive forty cents an hour for the use of the boiler. This rental charge, amounting to $646, is the subject of this suit.

Complainant was awarded a decree by the Chancellor against Baird and Company, but recovery was denied against the surety on the construction bond, on the ground that the bond does not cover the amount due by the contractor for rental of machinery. On complainant's appeal, the decree of the Chancellor was affirmed by the Court of Appeals. We have heretofore granted complainant's petition for the writ of *certiorari*, to review the decree of the latter court.

The bond of the surety, Southern Surety Company, is the statutory bond authorized by Acts 1917, chapter 74. *Southern Const. Co.* v. *Halliburton,* 149 Tenn., 319. The condition of the bond which is material to this case is that the contractor "shall well and truly pay every person furnishing material or performing labor in and about the construction of said roadway, all and every sum or sums of money due him, them or any any of them, for all such labor and materials for which the contractor is liable." The statute cited required that the contractor execute bond, conditioned to secure "the payment for all materials purchased and for all labor employed in the contemplated work."

Complainant contends that the boiler was material used in the construction of the bridge, and that all that was purchased was its use for the requisite number of hours, which was consumed in the execution of the construction contract.

In *Southern Const. Co.* v. *Halliburton, supra,* analogy was found between the liability of the surety on this statutory bond and the liability of a property owner under the mechanic's lien statutes, and it was held that the surety is liable only for "material consumable in the use or intended to be consumed in the use." The Court said: "It would be too broad a construction of this statute to fasten such a liability upon the general contractor and the surety for materials which the subcontractor purchased, which were not used up in the job, and remained the property of the subcontractor to be thereafter used by him in other work."

The mechanic's lien statutes, the statutes creating liens on railroads in favor of the furnishers of labor and materials in their construction, and the statutes requir-

ing the execution of bonds by persons engaged in public works, have been found to contain similar provisions with respect to the protection afforded furnishers of materials, and it has been clearly intimated by this Court that a uniform construction and application of the several statutes in this regard is both possible and desirable. *Consolidated Engineering Co.* v. *Wedow & Myers,* 154 Tenn., 358, 289 S. W., 508; *Hamblen Motor Co.* v. *Miller & Harle,* 150 Tenn., 602, 266 S. W., 99.

■ On the authority of *Pittsburg Coal Co.* v. *So. Asphalt & Const. Co.,* 138 Tenn., 154, 196 S. W., 490, coal used for generating steam in complainant's boiler was material used in the performance of the bridge contract, within the application of the statute and bond. If pumps operated by man power rather than by steam had been used, the wages of the men so employed would have been covered by the bond. The boiler was material, by the use of which the energy in the coal was released and directed as a substitute for the labor of men, and contributed to the execution of the contract in the same relative degree as did the coal fed into its fire box. Compensation of the owner who supplied it is therefore within the principle given effect by the legislature, in its enactment of the statute requiring the execution of bond for the protection of furnishers of labor and material.

In *Pittsburg Coal Co.* v. *So. Asphalt & Const. Co., supra,* the Court, recognizing the change in methods of constructing buildings and other improvements from time to time, expressed the view that legislation for the protection of materialmen and laborers is not rigid but is flexible, to be enforced in such manner as to afford the protection intended. The Court said: "The statute under consideration was passed for the protection of laborers

and the furnishers of material on public works, and the inquiry should not be limited to the method by which the contract is performed."

The essential requirement that materials be consumed in the execution of the principal contract, in order that their cost be secured by a lien on the building constructed, or by the contractor's bond for a public works project, is supported by two obvious reasons. If the material furnished is not consumable in the use, it is furnished on the general credit of the contractor and not merely in aid of the performance of the particular contract. And if on the completion of the building or project the material, still possessing value, remains the property of the contractor, liability for its cost should be and is his liability alone, unless under the conditions recognized in *York Lumber & Mfg. Co.* v. *McKnight & Mertz*, 139 Tenn., 687, 203 S. W. 254, and in *Cass* v. *Smith*, 146 Tenn., 218, 230, 240 S. W., 778. But neither of these reasons is present when all that is purchased is the use of material in the execution of the particular contract, under an agreement of hire or lease. In such case all that is purchased is consumed in the use, in aid of the contract, and under the facts of the case before us nothing is sought to be charged against the bond except the value of material furnished the contractor in the performance of his contract.

The fact that this Court has not heretofore been called upon to rule the question presented by complainant's claim should not prejudice its consideration.

In *Illinois Surety Company* v. *John Davis Company*, 244 U. S., 376, 61 L. Ed., 1206, a contractor for the construction of the Naval Training Station, at Chicago, executed bond under a federal statute which required that

the bond include the obligation to "promptly make payment to all persons supplying him or them with labor and materials in the prosecution of the work." This obligation was in no wise different from that contained in the bond before us, "to well and truly pay every person furnishing material or performing labor in and about the construction of said roadway;" or in the language of our statute, to pay "for all materials purchased and for all labor employed in the contemplated work." A claim for rental of cars, track and equipment used at the Station was sustained by the Supreme Court of the United States as a claim for material supplied. The Court said: "The equipment was used in the prosecution of the work. Material was thus supplied, although a loan serving the purpose, no purchase of it was made. The expense of loading and freight was properly included with the fixed rental as recoverable under the bond."

*Royal Indemnity Co.* v. *Day & Maddock Co.,* — Ohio St., —, 150 N. E., 426, 44 A. L. R., 374, and the cases cited in the A. L. R. annotation, reveal irreconcilable conflict in the authorities on the question before us. The cases which tend to support the surety's contention limit the definition of materials to things which are used in the construction of the building or directly in the performance of the work contemplated by the principal contract; while those cases which tend to support complainant define materials as including "supplies" not too remotely connected with the principal work, as in *Brogan* v. *National Surety Co.,* 246 U. S. 257, 62 L. Ed., 703, L. R. A. 1918D, 776, cited with express approval by this Court in *Carter County* v. *Oliver-Hill Const. Co.,* 143 Tenn., 649, 659. In some of the states the statutes are broader in

scope than others, some expressly extending the lien or security to "supplies," "machinery," etc.

■ Our cases repudiate the rule, adhered to in some jurisdictions, that materials, to be lienable, must be incorporated into the structure or public work for which the principal contract was executed. *Cohn & Goldberg* v. *Construction Co.,* 131 Tenn., 445, 175 S. W., 536, and subsequent cases.

Complainant's boiler was not a part of the regular equipment of the contractor, but was engaged for the particular and special use hereinabove described. The case of *Luttrell* v. *Railroad,* 119 Tenn., 492, 105 S. W., 565, 123 Am. St. Rep., 737, is therefore not controlling. The subsequent cases herein cited have relaxed many of the rigid rules of construction and application to be found in that opinion. The use of the boiler contributed directly to the construction of the bridge, and we think the stipulated value of that use is within the protection contemplated and intended by the statute and bond.

The decree of the Court of Appeals is accordingly reversed, and decree will be rendered here against the Surety Company for the amount claimed, with interest from the date the bill was filed. The cause will be remanded to the Chancery Court of Davidson County for execution, in view of the decree there rendered against Baird and Company, from which there was no appeal.