R. L. HARRIS, INC., *et al. v.* CINCINNATI, NEW ORLEANS &
TEXAS PACIFIC RAILWAY COMPANY *et al.*

(*Knoxville*, September Term (May Session) 1954.)

Opinion filed June 10, 1955.

LINDSAY, YOUNG & YOUNG and GRIMM, TAPP & CARSON,
all of Knoxville, for complainants, appellants-appellees.

WITT, GAITHER, ABERNATHY & FINLAY, of Chattanooga,
for defendants, appellees-appellants.

Mr. Justice Tomlinson delivered the opinion of the Court.

According to the allegations of the bill, accepted here as facts, the Cincinnati, New Orleans & Texas Pacific Railway Company contracted with a co-defendant for extensive improvements, additions, etc., to its railroad property in Hamilton County known as Citico Yard. The complainants seek the enforcement of a lien against this railroad property under the provisions of Code Section 8002 for the satisfaction of indebtedness of a sub-contractor incurred in (1) rental of heavy earth moving equipment used in the making of these improvements, etc., and (2) for repair and replacement of parts and machinery of such sub-contractor used in the performance of this work.

The code section invoked—8002—authorizes a direct lien on the railroad property in favor of "every person" for claims resulting from work and labor done, or material furnished, or services rendered with reference to such property.

The insistence made by the demurrer was that this

code section did not provide a lien for claims arising by reason of either of the aforementioned items.

In a carefully written opinion, after reviewing extensively the decisions of this Court with reference to claims sought to be brought within the terms of this lien statute or other such statutes of our State the Chancellor overruled the demurrer as to the indebtedness alleged for the rental of the heavy earth moving machinery, but sustained that demurrer as to indebtedness claimed for repair and replacement of parts of machinery of the subcontractor used in the performance of the work. Each party has appealed from so much of this decree as is unfavorable to it.

*S. B. Luttrell & Co.* v. *Knoxville L. & J. Railroad,* 119 Tenn. 492, at page 519, 105 S. W. 565, at page 572, has perhaps not been followed as to everything it held, but it has never been criticized for a statement that repairs on tools, carts and machinery of the contractor's outfit is not labor coming within the aforementioned lien statute. The reason for this is stated in 119 Tenn. at page 517, 105 S. W. at page 571, as being that such tools or machinery of the contractor are not "consumed in the use thereof" and "do not go into the building of the roadway, but retain their identity and fitness for future use, saving the limited and gradual wear and tear incident to such use".

Construing a statute declaring a similar lien with reference to this question this Court said in *Southern Construction Company* v. *Halliburton,* 149 Tenn. 319, 335, 258 S. W. 409, 414, this:

"It would be too broad a construction of this statute to fasten such a liability upon the general contractor and the surety for materials which the

subcontractor purchased, which were not used up in the job, and remained the property of the subcontractor to be thereafter used by him in other work. Tools would, of course, fall under such a ruling as this.''

In *Hamblen Motor Company* v. *Miller & Harle,* 150 Tenn. 602, 609, 613, 266 S. W. 99, 102, the Court held that:

"The claim of $588.55 for tires, repairs, and betterments on the trucks do not constitute materials used upon the work, and, for the reasons stated in the *Southern Construction Co.* v. *Halliburton,* supra, under the paragraph disposing of the Church Hill Supply Company's claim for lumber, the item for tires must be disallowed.''

Complainants refer to *Rambo* v. *Naylor Engineering Company,* 10 Tenn. App. 203, as authority for its insistence that it has a lien for these repairs and replacements. That was not a proceeding to enforce a lien, but to secure a judgment against a surety on the contractor's bond. The Court noted that this bond obligated payment to every person furnishing material or performing labor "in and about the construction of said roadway", and that "the rule of strictissimi juris does not apply in favor of a paid surety upon such bond as is under consideration", but is to be construed with reference to the surety as if it were an insurance contract. Applying that rule of construction, the Court thought that these items were liable against the surety on the bond in that "they bore a proximate relation to the work in hand". It thought that the word "about" in the bond thus rendered the surety liable.

The facts just stated in *Rambo* v. *Naylor,* supra, distinguish that case from the holdings in the hereinbefore cited decisions of this Court under the authority

of which we conclude that the Chancellor properly sustained the demurrer in so far as claims for repairs and replacements are concerned.

While there is a conflict in the decisions of the State Courts as to whether statutory liens of the character involved here embrace claims arising from the rental of machinery used on the contract, 44 A. L. R. 381 et seq., the question has been determined in the affirmative by this Court in *Nicks* v. *W. C. Baird & Company,* 165 Tenn. 89, 52 S. W. (2d) 147.

*Nicks* v. *W. C. Baird & Co.,* supra, is the more readily understood by first referring to the holding in *Powder Company* v. *Knoxville, L. & J. Railroad Co.,* 113 Tenn. 382, 83 S. W. 354, 67 L. R. A. 487, wherein the item involved was dynamite consumed in blasting rock during the construction of a railroad tunnel, and of *Pittsburg Coal Company* v. *Southern Asphalt & Construction Company,* 138 Tenn. 154, 196 S. W. 490, and *Southern Construction Company* v. *Halliburton,* 149 Tenn. 319, 258 S. W. 409, wherein coal was consumed in operating the engine which ran the rock crusher, as was the case in the operation of the steam shovel in *Consolidated Engineering Company* v. *Wedow & Myers,* 154 Tenn. 358, 289 S. W. 507. In all those cases it was held that items necessarily consumed in the carrying on of the contract work came within the meaning of the word "material" as that word is used in the railroad lien statute, or other of our lien statutes using similar language; hence, embraced the explosives and coal that was consumed on these jobs.

In *Nicks* v. *W. C. Baird & Co.,* supra [165 Tenn. 89, 52 S. W. (2d) 148], the contractor rented a boiler to operate a water pump which was being used on the job. The question was whether the claim for that rent came within the meaning of the word "material" as used in

the lien statute. The Court observed that in the lease of this boiler the only thing which was purchased was the use of the boiler in aid of the contract and hence "in such case all that is purchased is consumed in the use". Applying the principle then which was applied in the consumption of the dynamite and coal in the cases hereinbefore mentioned the Court held that: "The use of the boiler contributed directly to the construction of the bridge, and we think the stipulated value of that use is within the protection contemplated and intended by the statute and bond".

In *Nicks* v. *W. C. Baird & Co.*, supra, the Court noted that this boiler "was not a part of the regular equipment of the contractor, but was engaged for the particular and special use hereinabove described". The defendant railroad and its principal contractor seek to distinguish the case at bar from *Nicks* v. *W. C. Baird & Co.* by reason of that statement in the opinion, and then these defendants say that "it is the contractor's responsibility and the contractor's responsibility alone to furnish the equipment, machinery and tools which make up his plant."

This alleged distinction is not well taken, in our opinion. In the first place, the dirt moving equipment was not "purchased" by the contractor. Only its use for a given purpose was purchased. Thus the thing purchased was consumed. In the second place, it was no more nor less the duty of the contractor or subcontractor in the case at bar to furnish the dirt moving equipment than it was the duty of the contractor in *Nicks* v. *W. C. Baird & Co.* to furnish the boiler needed in the operation of the water pump.

While the reasoning for the holding is approached from a different angle in *Southern Construction Company* v. *Halliburton*, 149 Tenn. 319, 336, 258 S. W. 409,

the conclusion there actually reached forecasts, as a practical matter, the later holding in *Nicks* v. *W. C. Baird & Co.*, supra.

In the *Southern Construction Company* v. *Halliburton* case two laborers were worth 30 cents an hour each for their labor on the job, but they owned and operated thereon a tractor, and were to receive a total compensation of $2 per hour. The Court sustained the claim as to the difference between 60 cents and $2 because they used their tractor.

The holding in *Nicks* v. *W. C. Baird & Co.*, supra, is controlling here. Hence, the Chancellor was correct in overruling that ground of the demurrer by which it was insisted that the claim for the rent of this earth moving equipment was not a claim that came within the lien of Code Section 8002.

Affirmed with costs in this Court adjudged, one-half to original complainants, and one-half to original defendants. The cause will be remanded for such further proceedings as are necessary.

BURNETT, Justice, did not participate herein.