EDWIN V. GOSS, Plaintiff and Appellee, *v.* STRUCTURAL CONCRETE PRODUCTS and MARYLAND CASUALTY COMPANY, Defendants and Appellant the latter.

No. CE-64-11. Decided May 19, 1965.

*Rivera Zayas, Rivera Cestero & Rúa,* and *José R. Lázaro Paoli* for Maryland Casualty Company. *Nachman & Feldstein* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The contention raised is extremely simple. Is the liability assumed by a surety of paying for the labor and materials used in the construction of a private work extended to cover the amount owed for rental of equipment and transportation thereof?

Maryland Casualty Co. is the surety. It bound itself with the Structural Concrete Products Corporation to pay to all those who served materials or rendered services for the execution of a ready-mix concrete work required in the construction of Miramar Charterhouse Hotel. To perform this work the Structural Concrete rented a crane. It owed the rental as well as the transportation thereof. The owner of the crane instituted action against the debtor corporation and its surety in the District Court, San Juan Part.

Maryland Casualty Co. raised the defense that the bond furnished did not cover the claim. The district judge decided that it did, since said rental was covered by the terms of the bond. The surety appealed.

The Superior Court affirmed. It determined that "because of the nature of the work the equipment used was indispensable for the fulfillment of the terms of the contract and it was used for that purpose. Consequently, the use of the equipment is considered as part of the labor referred to in the bond." We agreed to review this judgment.

The bond furnished by the Maryland Casualty insofar as pertinent in the present controversy provides as copied in English from the bond:

"Now THEREFORE, the condition of this obligation is such that, . . . if Principal shall pay all persons who have contracts directly with Principal for labor or materials furnished pursuant to the provisions of said Contract, failing which such persons shall have a direct right of action against Principal and Surety under this obligation, subject to Obligees' priority, then this obligation shall be null and void; otherwise it shall remain in full force and effect . . . ."

The surety states:

"In order to construe said bond it is only necessary to follow the simple guides provided by the law and the case law in force in Puerto Rico.

"In Puerto Rico the law is very clear as to the construction of a bond contract. Section 1726 of the Civil Code provides:

'Security is not presumed; it must be express and can not be extended further than that specified therein.' 31 L.P.R.A. § 4876."

The surety adds: "Our Supreme Court, construing § 1726, *supra*, has stated:

'[This section] was enacted for the protection of persons sued as sureties.' (*Hernández* v. *Delgado*, 31 P.R.R. 541 (1923).)"

■ Based on the foregoing, the surety requests the reversal of the judgment of the Superior Court affirming that of the District Court on appeal. It maintains that as the bond must be restrictively construed the construction given to the obligation assumed is not reasonable.

■ Forthwith it must be stated that this Court in *Cristy & Sánchez* v. *Commonwealth*, 84 P.R.R. 226 (public work) in the year 1961 and in *A. L. Arsuaga, Inc.* v. *La Hood Const., Inc.*, 90 P.R.R. 101 (private work) decided February 20, 1964; *Ulpiano Casal, Inc.* v. *Totty Mfg. Corp.*, 90

P.R.R. 719, decided June 26, 1964, and even more recently in *Jiménez y Salellas, Inc.* v. *Maryland Casualty Co., ante,* p. 200, decided April 1, 1965, abandoned the doctrine of the restrictive construction of the insurance corporations' bonds. In *Jiménez* we stated that: "the liberal or broad construction in these cases is controlling." We abandoned it because it was grounded on the formerly prevailing practice that contracts were secured by a mere act of liberality. But as in the present case the bonds are furnished by payments of premiums, there was no reason to treat the sureties with preference, construing the obligation assumed restrictively. See § 1241 of the Civil Code.

■ The surety was bound to pay all the materialmen as well as the workers for the labor rendered in the prosecution of the work. In order to perform a certain part of the work, instead of using workers exclusively, a mechanical contrivance was used to facilitate the prosecution of the work. If all the work had been done manually the surety would be liable for the indebted wages. What fair and just reason does there exist not to consider as covered by the bond the rental and the transportation of the contrivance which performed the same function that would have been performed by a group of workers? Certainly, there is no reason not to guarantee in the bond the rental of a crane which contributed to reduce the amount to be spent in labor. Truly, it is not a question of liberal construction of the bond. It is a question of logical, reasonable, and fair construction. More so, in this era of automatization.

Confronted with a claim similar to the one at bar, the Supreme Court of the United States, speaking through Mr. Justice Brandeis in *Illinois Surety Co.* v. *John Davis Co.,* 244 U.S. 376 (1917) said:

"The specific objection made to the claim of the United States Equipment Company, for rental of cars, track and equipment used at the Naval Training Station and the expense of loading

the plant and freight thereon to and from the station is also unfounded. The Surety Company contends that this is not supplying 'labor and materials.' The equipment was used in the prosecution of the work. Material was thus supplied, although, a loan serving the purpose, no purchase of it was made. The expense of loading and freight were properly included with the fixed rental as recoverable under the bond."

Whether it be considered as material, as was done in *Illinois Surety Co.* v. *John Davis Co., supra,* or as labor, as we understand it, it would always be covered by the bond. See also, *Brogan* v. *National Surety Co.,* 246 U.S. 257 (1918); *Standard Accident Ins. Co.* v. *United States,* 302 U.S. 442 (1938); *Holloway & Dupont Dredging Co.* v. *Des Rocher Watkins Towing Co.,* 57 F.2d 864 (5th Cir. 1932); *United States* v. *Castro,* 71 F.Supp. 36 (D.C.P.R. 1947); *Mann* v. *Schnarr,* 95 N.E.2d 138 (Ind. 1950); *Timber Structures* v. *C.W.S. Grinding & Machine Wks.,* 229 P.2d 623 (Ore. 1951); *Thompson & Green Mach. Co.* v. *M. P. Smith Const. Co.,* 311 S.W.2d 614 (Tenn. 1957); *J. F. Tolton Inv. Co.* v. *Maryland Casualty Co.,* 293 Pac. 611 (Utah 1930); Annotation, *Rental of Equipment as within Contractor's Bond,* 44 A.L.R. 381–383 (1926).

The judgment rendered by the Superior Court, San Juan Part, on February 26, 1964, will be affirmed.