HARDY, Judge.
This is a concursus proceeding provoked by plaintiff as surety on a contractor’s performance bond following default of the contractor in the completion of the project contemplated by the contract. Plaintiff deposited the amount of its bond in the registry of the court, impleaded the owner, the ■contractor and all known creditors having claims arising in connection with the contract, including the respondent-appellant who had rented certain machinery and equipment to the contractor for use in the work undertaken and who claimed in this proceeding recognition of its recorded lien and payment of its claim out of the fund deposited.
From judgment ordering payment of numerous claims and the return to the plaintiff of the balance of the fund deposited and denying the claim of this respondent, the latter has appealed.
There is no dispute between the parties to this appeal as to the facts, which were stipulated by counsel. This stipulation evidences the factual circumstances pertinent to a consideration of this appeal as follows:
By written contract which was duly recorded in the Mortgage Records of Oua-chita Parish, the Highland Park Country Club, Inc., as owner, entered into an agreement with one Bradley Foreman, as contractor, for the construction of a swimming pool, and the National Surety Corporation, as surety for the said contractor, furnished a performance bond in the principal sum of $14,502.54 which was duly recorded with the above described contract. In the course of the construction of the swimming pool, under the provisions of the contract set forth, the contractor, Foreman, rented from appellant’s .predecessor corporation certain construction machinery, including pumps, hoses, an air compressor, a cement mixer, etc. The partially completed swimming pool was substantially damaged by the heavy rains accompanying the hurricane of June, 1957, following which the contractor defaulted on his contract and the project was completed by the owner, formal notice of default being recorded in the Mortgage Records of Ouachita Parish. The rented machinery and equipment was actually used by the contractor, Bradley Foreman, in the work of the construction of the swimming pool and the amount claimed by respondent-appellant in the principal sum of $882.70 correctly represents the agreed charges as between respondent and the contractor, which amount is wholly due and unpaid. Failing payment for the rental of the equipment, a lien affidavit was properly filed in the Mortgage Records of Ouachita Parish in November of 1957. This concursus proceeding was filed on December 23, 1957. . i .. ■•
Appellant contends that its claim, evidenced and protected by a recorded lien, is entitled to recognition under the provisions of the Private Works Act, LSA-R.S. 9:4801 et seq., and, alternatively, that the account constitutes a valid claim against the contractor which is entitled to satisfaction out of the fund deposited by the surety in this concursus proceeding, even if the asserted lien is not entitled to recognition.
The authority for sustaining appellant’s contention of a lienable claim, if any, must be derived from the provisions of LSA-R.S. 9:4801, which reads, in full, as follows:
“Immovable property, privilege for labor and materials; rank
“Every contractor, sub-contractor, architect, engineer, master-mechanic, mechanic, cartman, truckman, workman, laborer, or furnisher of material, machinery, or fixtures, who performs 'work or furnishes material for the erection, construction, repair, or improvement of immovable property, or who furnishes material or supplies for use in machines used in or in connection with the erection, construction, repair or improvement of any building, structure or other immovable property, with the consent or at the request of *813 the owner thereof, or his authorized agent, or representative, or of any person with whom the owner has contracted for such work, has a privilege for the payment in principal and interest of such work or labor performed, or materials, machinery, or fixtures furnished, and the cost of recording such privileges, upon the land and improvements on which the work or labor has been done, or materials, machinery or fixtures furnished, which privilege, if evidenced as herein provided, is superior to all other claims against the land and improvements except taxes and local assessments for public improvements or a bona fide vendor’s privilege whether arising from a sale, or arising from a sale and resale to and from a regularly organized homestead or building and loan association, or a bona fide mortgage, provided said mortgage or vendor’s privilege exists and is recorded before the work or labor is begun or any material is furnished. The claim for wages of a laborer, for the work actually performed by him on any building, when properly presented and recorded by him, creates a privilege on the land and improvements, which primes the rights of mortgagees or vendors.”
Reducing the applicable language of the above detailed provision to its simplest phraseology, as relates to the issue presented, the statute reads:
“Every * * * furnisher of * * * machinery, * * * for the erection, construction, repair, or improvement of immovable property, * * * has a privilege for the payment in principal and interest of such * * * machinery * * * furnished, * *
 It is correctly conceded by counsel for both parties that the provisions of lien statutes, being in derogation of common rights, must be considered as “stricti juris” and rigidly construed. This brings us to the statement of the ultimate issue upon which a determination of this case must rest, that is, the meaning of “furnisher of * * * machinery * * * for the * * * improvement of immovable property.”
Counsel for appellant cites and relies strongly upon the case of Hughes v. Will, La.App., 35 So.2d 241, in which our brethren of the Orleans Court allowed recovery for the rental of jacks used in the raising and remodeling of a building, which equipment was left in place for a period of time after the completion of the work.
Counsel for appellee strenuously attacks the acceptance of the above cited case as constituting authority in support of appellant’s contention, pointing out that the opinion of the court carefully distinguished the case from those in which a contractor found it necessary to buy or rent tools or machinery in order to carry out his contract. Counsel further pertinently argues that the opinion in the Hughes case cited Colonial Creosoting Co. v. Perry, 169 La. 90, 124 So. 182, and Louisiana Highway Commission v. McCain, 197 La. 359, 1 So.2d 545, in both of which cases the Supreme Court denied claims for the rental of construction machinery and for the cost of repairs of the contractor’s machinery, respectively.
It must be observed that in the cited cases the Supreme Court had under consideration claims which were asserted under what is called the Public Works Act, now designated as LSA-R.S. 38:2241. This provision requires the furnishing of a bond, by a contractor on any public works, securing the payment
“ * * * for all work done, labor performed, or material, or supplies furnished * * * or for furnishing materials or supplies for use in machines used in the construction, alteration, or repair of any public works.”
Comparison of the language used in the respective statutes dealing with private *814 works and public works shows that the Private Works Act (LSA-R.S. 9:4801) contains a number of specific provisions as to the nature of services, labor, materials, etc., which are not comprehended in the Public Works Act (LSA-R.S. 38:2241). Among the categories which are specifically protected in the Private Works Statute, and which is not mentioned in the Public Works Act, we find the “furnisher of * * * machinery.”
It would appear that this issue finally reduces itself to a matter of definition as to what the Legislature intended by the provision which protects a furnisher of machinery. Did the Legislature mean 'only the furnishers of machinery which was actually consumed or permanently affixed in connection with a construction project, or was it intended that the specification be considered in the light of common understanding and usage as meaning one who provides machines for use in connection with a construction project?
Reference to Black’s Law Dictionary, Fourth Edition, page 804, discloses .the meaning of the word “furnish” as (1) “to supply or provide,” (2) “for use in the accomplishment of a particular purpose.”
In our examination of authorities which may have some bearing upon the issue presented, we find some persuasive analogy in cases involving the construction of lien rights in connection with the drilling of wells in search of oil, gas or water as provided by LSA-R.S. 9:4861. This statute grants a privilege to the furnishers of drilling rigs, etc. The meaning and application of this statute was thoroughly considered by this court in Sutton-Zwoile Oil Co. v. Barr Petroleum Corporation, Inc., La.App., 197 So. 432, 435 (writs denied). The court held that the operation of the lien and privilege was not affected by the ownership of the property employed in drilling a well and declared:
“The act, in effect, ordains that this lien and privilege shall operate against every sort of property used to drill the well. No reference is made to ownership as a condition precedent to the efficacy of the lien and privilege.”
The opinion in the above cited case squarely held that the leasing — (rental)— of a rig constituted a “furnishing” within the plain meaning and intent of the statute.
We are impelled to the same conclusion in the instant case. In our opinion one may furnish machinery which is used in the improvement of immovable property by leasing such machinery to the contractor or owner as the case might be.
Nor do we perceive any reasonable basis for imposing the requirement that machinery must be actually consumed or permanently affixed as a part of the improvement as a necessary condition to the enforcement of the plain wording of the statute.
For the reasons assigned, the judgment appealed from is amended to the extent of recognizing and allowing the claim of the respondent-appellant, Southern Equipment & Tractor Company, Inc., in the full sum of $896.97, and, accordingly, R. D. Farr, Clerk of the Fourth District Court in and for the Parish of Ouachita, State of Louisiana, be and he is hereby ordered and directed to pay the said amount to the named respondent out of the fund in his hands deposited in the registry of the said court by the plaintiff, National Surety Corporation, together with all costs of both courts.
As amended, the judgment appealed from is affirmed.