HAMLIN, Justice.
 

 National Surety Corporation invoked this concursus proceeding on December 23, 1957, and deposited in the Registry of the Fourth Judicial District Court the sum of $14,502.-54, the full amount of a performance bond for the construction of a swimming pool by Bradley Foreman for the Highland Park Country Club, Inc. Plaintiff cited the owner, the contractor Foreman who had defaulted, and all known creditors of said contractor-including Southern Equipment & Tractor Company of Monroe, Inc., a lessor of machinery and equipment—whose claims arose in connection with the contract.
 

 The trial court rejected the demand of Southern Equipment & Tractor Co., Inc. (substituted as party defendant for Southern Equipment & Tractor Company of Monroe, Inc. and hereinafter designated as Southern Equipment) against Highland Park Country Club, Inc. and National Surety Corporation for recognition of a materialman’s lien and privilege and participation in the fund deposited in the registry of the court, but rendered judgment in its favor against Bradley Foreman, Contractor, in the sum of $882.70 and interest.
 

 Southern Equipment appealed from the denial of its alleged right to participate in the fund to the extent of its claim. All other parties to the suit acquiesced in the trial court’s judgment which ordered the payment of numerous claims and the return to the plaintiff of the balance of the fund deposited. The Court of Appeal, Second Circuit, (111 So.2d 811) amended the judgment of the trial court, to the extent of recognizing and allowing the claim of Southern Equipment in the full sum of $896.97,
 
 [1]
 
 and ordered the Clerk of Court, Fourth Judicial District Court, to pay the amount out of the fund deposited in the registry of that court by National Surety Corporation. On the application of National Surety Corporation, certiorari was granted to the Court of Appeal, Second Circuit, for review of its judgment. Article VII, Section 11, Louisiana Constitution of 1921, LSA.
 

 The stipulated facts of record
 
 [2]
 
 are to the effect that on May 15, 1957, Highland Park Country Club, Inc. entered into a written contract with Bradley Foreman, as contractor, for the construction of a large swimming pool on its property. National Surety Corporation, as surety for the contractor, furnished a bond ($14,502.54), dated May 13, 1957, to the Highland Park Country Club, Inc. Foreman began construction of
 
 *752
 
 the swimming pool, and during the course of this construction Southern Equipment rented to him certain pieces of construction machinery, including pumps, hoses, an air compressor, pneumatic breakers and hammers, a cement mixer, a motor mixer, and a backfill tamper'—the charges amounting to $882.70. The machinery and equipment were actually used by Foreman in the construction of the swimming pool. At a stage of partial completion, the pool was damaged by heavy rains accompanying Hurricane Audrey in June, 1957; the contractor defaulted; the owner finished the construction of the pool, recording formal notice of default in the Mortgage Records of Ouachita Parish, Louisiana, on December 23, 1957. After failing to receive payment for the rental of its equipment, Southern Equipment filed an affidavit evidencing its claim in the Mortgage Records of Ouachita Parish on November 6, 1957. This concursus was instituted by National Surety Corporation, and on January 23, 1958, Southern Equipment filed an answer asserting a right to participate in the fund deposited by plaintiff to the extent of its claim.
 

 The stipulation stated that the issues, alleged as follows, were legal ones:
 

 “(1) Is appellant’s claim a lienable claim under the Private Works Act (La.R.S. of 1950, 9:4801 et seq.); and as such chargeable against and recoverable from the fund deposited by the surety ?
 

 “(2) In the alternative, can appellant’s claim against the contractor be asserted against the contractor’s surety and the fund deposited by the surety in this concursus, even if no lien or privilege could be asserted against the owner’s property in connection with appellant’s account?”
 

 The Court of Appeal considered LSA-R.S. 9:4801, as amended,
 
 [3]
 
 which recites:
 

 “Part I. Private Works
 

 “Privilege on immovables for labor and materials; rank
 

 “A.
 
 Every
 
 contractor, sub-contractor, architect, engineer, master-mechanic, mechanic, cartman, truckman, workman, laborer, or
 
 furnisher of
 
 material,
 
 machinery,
 
 or fixtures,
 
 who performs work
 
 or furnishes material
 
 for the erection, construction, repair, or improvement of immovable property,
 
 or who furnishes material or supplies for use in machines used in or in connection with the erection, construction, repair or improvement of any building, structure or other immovable property, with the consent or at the request of the owner thereof, or his authorized agent or representative, or of any person with whom the owner has contracted for
 
 *754
 
 such work,
 
 has a privilege
 
 upon the land and improvements on which the work or labor has been done, or the materials, machinery or fixtures furnished,
 
 for the payment in principal and interest of the work or labor performed, or
 
 materials,
 
 machinery
 
 or fixtures
 
 furnished,
 
 and for the cost of recording such privilege.” (Emphasis ours.)
 

 The Court of Appeal stated that after an examination of authorities bearing upon the issue, it found persuasive analogy in •cases involving the construction of lien rights in connection with the drilling of wells in search of oil, gas, or water. It then found that it was impelled to the same conclusion as was reached in the case of Sutton-Zwoile Oil Co. v. Barr Petroleum Corp., La.App., 197 So. 432, to the effect that the leasing—(rental)—of equipment •constituted a “furnishing” within the meaning and intent of the statute (Act 145 of 1934).
 
 [4]
 
 The Court of Appeal further found in the instant matter that under LSA-R.S. 9:4801 one may furnish machinery which is used in the improvement of immovable property by leasing such machinery to the contractor or owner as the case may be.
 

 Relator, National Surety Corporation, urges that the Court of Appeal failed to construe LSA-R.S. 9:4801, a lien statute, strictly, and that it failed to apply proper judicial interpretation of the intent of the Legislature in LSA-R.S. 9:4801 et seq.
 

 Respondent argues that LSA-R.S. 9:4801 and the statute under consideration in the Sutton-Zwoile case, supra, are in pari materia, and that therefore the decision of the Court of Appeal in the instant matter should be affirmed. It contends that a construction machine furnishes labor, not material, for a construction project; and the fact that
 
 *756
 
 the machine was not incorporated into the improvements does not mean that it was not used in their construction. On the basis of this contention, respondent asserts that it is entitled to a lien under LSA-R.S. 9:4801.
 

 When the emphasized words of LSA-R.S. 9:4801, supra, are constructed into a complete sentence, we find: “Every furnisher of machinery
 
 who performs work
 
 for the erection, construction, repair, or improvement of immovable property has a privilege for the payment in principal and interest of the work or labor performed, or machinery furnished.” (Emphasis ours.) It is, therefore, clear that the
 
 furnisher
 
 of machinery (not the machinery) must “perform work” in addition to furnishing machinery. In the instant matter, the stipulation shows that Southern Equipment performed no work.
 

 “When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.” West’s LSA-Civil Code, art. 13; Liller v. Louisiana Board of Alcoholic Beverage Control, 59 So.2d 222; Gooden v. Police Jury of Lincoln Parish, La.App., 122 La. 755, 48 So. 196; Hibernia National Bank in New Orleans v. Louisiana Tax Commission, 195 La. 43, 196 So. 15.
 

 We conclude that LSA-R.S. 9:4801 is clear and free from ambiguity. The Sutton-Zwoile case, supra, is not apposite; the statute under consideration in that case (Act 145 of 1934) did not place a qualification upon the furnisher. Southern Equipment did not perform work and did not meet the qualification set forth in LSA-R.S. 9:4801, supra. It is, therefore, not entitled to recognition of a materialman’s lien and privilege and participation in the fund deposited in the registry of the court by the plaintiff surety.
 

 We do not find it necessary to discuss the case of Hughes v. Will, La.App., 35 So.2d 241, cited by relator. That case was decided under its own peculiar facts and circumstances, which are not analogous to those herein presented.
 

 Respondent’s alternative position is that its claim against the contractor can be asserted against the contractor’s surety and the fund deposited in the registry of the court by the surety in this concursus, even if this Court should hold that no lien or privilege may be asserted against the owner’s property. It urges that it must be remembered that this proceeding is not a suit to foreclose a privilege against the owner’s property but is one against a contractor’s surety to participate in the proceeds of its bond; it cites the cases of Graphic Arts Building Co. v. Union Indemnity Co., 163
 
 *758
 
 La. 1, 111 So. 470, and Thibodeaux & Harison v. Globe Indemnity of New York, 6 La.App. 380. These two cases cited by respondent were matters in which material was furnished for construction and was not paid for by the contractor; the courts held that the surety was liable on its performance bond.
 

 In the instant matter, Southern Equipment rented or leased machinery and equipment to the contractor; it did not furnish material. The equipment was furnished to the contractor, and the contractor, in turn, used it on the job. Under such circumstances, the surety is not liable for the obligation of the rental due by the contractor.
 

 Since there is no denial of the fact that Southern Equipment actually furnished machinery and equipment to the contractor for the construction of a swimming pool for Highland Park Country Club, Inc., we find that the contractor, Bradley Foreman, is liable and responsible for the claim of Southern Equipment in the amount of $882.-70 and interest.
 

 For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is reversed and set aside; the judgment of the trial court is affirmed. All costs are to to be paid by Southern Equipment & Tractor Co., Inc.
 

 SANDERS, J., concurs in result.
 

 [1]
 

 . Principal, $882.70; Interest, $5.52; Cost of recording lion, $8.75.
 

 [2]
 

 . These facts were stipulated to the Court of Appeal, Second Circuit.
 

 [3]
 

 . Acts 1952, No. 291, Sec. 1; Acts 1954, No. 477, Sec. 1.
 

 [4]
 

 . Act 145 of 1934 reads in part: “* * That any person, firm, corporation or association of persons who shall do any trucking, by common carrier vehicle or otherwise, towing, barging, or make any repairs whatsoever, or furnish any fuel, drilling rigs, standard rigs, material or supplies whatsoever for or in connection with the drilling of any well or wells in search of oil, gas or water, or for or in connection with the operation of any oil, gas or water well or wells, shall have a lien and privilege on such oil, gas or water well or wells and the lease whereon the same shall be located, and on all •drilling rigs, standard rigs, machinery, appurtenances, appliances, equipment, buildings, tanks and all other structures •thereto attached for drilling, equipment and operation of such well or lease, for the amount due for such trucking, towing, barging, repairs, fuel, drilling rigs, standard rigs, material or supplies, in principal and interest, and for the cost of recording such lien and privilege, and which said lien and privilege shall be second in rank to the lien granted in favor of laborers.”
 

 Act 145 of 1934 was repealed by Act No. 68 of 1942. The latter is the source of LSA-R.S. 9:4861, “Oil, Gas, and Water Wells, Privilege for labor, services or supplies.”
 

 Act 68 of 1942 did not radically change that portion of Act 145 of 1934 under consideration in the Sutton-Zwoile case, supra.