HALL, Judge.
This is a mandamus proceeding to compel the Clerk of Court of the Parish of Jefferson, as Ex-Officio Recorder of Mortgages, to cancel from the public records the recor-dation and two reinscriptions' of a labor and materialman’s claim filed by the defendant, Vernon Pettigrew. The District Judge ordered the erasure of the inscriptions and the defendant materialman appealed.
The facts of the case are not disputed. Vernon Pettigrew, doing business as Petti-grew Construction Company, was engaged by a general contractor to furnish labor and material for certain construction work being performed on plaintiff’s house, located at 605 Airline Park Boulevard in Jefferson Parish. On February 25, 1960 after the work was completed, Pettigrew recorded a claim pursuant to LSA-R.S. 9 :- 4812 in the Jefferson Parish mortgage records for labor and materials furnished by him in the amount of $2,427.65. This rec-ordation was subsequently reinscribed on February 13, 1961 and again on February 8, 1962. However, no suit was ever brought to enforce the claim.
The only issue presented by this appeal is whether a claim recorded pursuant to LSA-R.S. 9:4812 by the furnisher of labor and materials to a contractor may be rein-scribed more than once and thereby operate to preserve the claimant’s personal action against the owner for a period in excess of two years from the date of its original rec-ordation.
Privileges for suppliers of labor and materials are provided by LSA-R.S. 9:4801 et seq. The bulk of the statute contains the procedure for establishing and satisfying such privileges when the construction contract has been duly recorded and bonded. If no contract has been recorded, the rights of the parties are determined by LSA-R.S. 9:4812. This section is divided into two basic parts, each of which grants certain rights to laborers and materialmen who record claims within sixty days after their last performance of services or delivery of materials. One part deals with persons who furnish labor or material directly to the owner or his authorized agent. The other part grants a personal right of action against the owner when the laborer or ma- *602 terialman deals with a contractor or subcontractor, rather than with the owner or his agent.
The latter part of LSA-R.S. 9:4812 forms the basis of this proceeding. It provides as follows:
“ * * * Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim for a period of one year from the filing of his claim, which right of action shall not prescribe within one year of the date of its recordation, or the rein-scription thereof. * * * ”
Since the statute contains no express provision for multiple reinscriptions of mate-rialmen’s claims, the decision in this case must turn on an interpretation of the words “the reinscription thereof” in the portion of Section 4812 quoted above.
The statute enlarges upon the owner’s ordinary contractual liability by granting a personal right of action against him to one with whom he had no privity of contract. However the right of action against the owner is expressly restricted in its duration to one year dating from the time the claim is recorded, or from “the reinscription thereof”.
The statute being in derogation of common rights must be strictly construed. See Yellow Pine Lumber Co. v. Maniscalco, La.App., 9 So.2d 320; National Surety Corporation v. Highland Park Country Club Inc., La.App., 111 So.2d 811 (reversed on other grounds, 240 La. 747, 125 So.2d 151).
It is noted that the statute uses the word “reinscription” in the singular, and that it is preceded by the definite article “the”. The Legislature, in our opinion, would not have used such a restrictive phrase if it had intended to permit more than one reinscription. If such had been its intention it could easily have used the phrase “or any reinscription thereof”.
Moreover, as correctly observed by the trial judge, multiple reinscriptions would permit an unscrupulous claimant to force an unjust settlement by indefinitely maintaining his claim on the public records. We cannot presume that the Legislature intended to permit a claimant to suspend indefinitely the running of the one year prescription.
We are of the opinion that the phrase “the reinscription thereof” as used in the quoted sentence of LSA-R.S. 9:4812 permits only one reinscription of a claim, and if suit is not brought against the owner to enforce the claim within the effective duration of one reinscription, the cause of action prescribes and suit cannot therefore be maintained.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.