REID, Judge.
Jack R. Courshon, plaintiff and appellee, foreclosed, under executory process, on certain property owned by Mauroner-Crad-dock, Inc. Petitioner alleged he was the owner and holder for valuable consideration of four promissory notes made and subscribed by Mauroner-Craddock, Inc. to the order of Royal American Life Insurance Company for a total of $19,568.-00, together with interest and attorney’s fees; that said notes were secured by one certain construction mortgage note made and subscribed by Mauroner-Craddock, Inc., dated December 6, 1965, in the amount of $23,500.00, payable on demand, to the order of “Itself” and identified with an act of construction mortgage dated the same date and filed for record at 4:30 P.M. on the same date. Also on December 6, 1965, Royal American Life Insurance Company assigned said note and mortgage to Jack R. Courshon, as Nominee of the Trustees of First Mortgage Investors, a Massachusetts Business Trust, which said assignment was filed for record at 2:36 P.M. on July 1, 1966. Pursuant to writ of seizure and sale the property in question was seized and sold and plaintiff, Jack R. Courshon, was the purchaser of the lot and improvements thereon. Subsequently certain fur-nishers of labor and materials for the construction of the building on the lot intervened in the suit claiming privileges outranking the claims of the plaintiff. The intervenors claim their liens take priority over the claims of plaintiff for two reasons : First, that the plaintiff failed to plead that the mortgage held by plaintiff had been executed by the defendant and recorded and the note delivered to plaintiff before any work or labor was begun or materials furnished or before recordation of a building contract as required under R.S. 9:4801(C), and second, that the purported construction mortgage note sued upon as collateral for the hand notes does not qualify as a construction mortgage entitled to priority over materialmen’s liens in accordance with R.S. 9:4801(C).
Plaintiff filed a rule directed to all lien holders and mortgage holders to show cause why plaintiff’s mortgage should not be declared to be superior in rank to all other liens and claims and why his mortgage should not be superior in rank to all other liens and claims and why his mortgage should not be paid in preference and priority to all other claims and the liens canceled from record insofar as the property in question is concerned.
Defendants in rule and appellees allege the trial court erred (1) in holding that the mortgage of plaintiff primed the mate-rialmen’s liens under the facts as presented in the case, (2) in holding that the simultaneous or pre-advancement of money under *255 a construction mortgage, to pay a portion of the purchase price of the properties, upon which the construction was to take place, did not prejudice the rights of intervenors as materialmen lien holders and (3) in not finding that the “construction mortgage” holder had lost any precedence or priority it may ordinarily have over mate-rialmen liens under the provisions of R.S. 4801 Sub-section “C” by virtue of the simultaneous or prior advancement of money thereunder to mortgagor for the purpose of paying a portion of the purchase price of the property and commitment charges made by mortgagee, (4) in failing to hold that suppliers or furnishers of materials are entitled to rely upon the public records in contracting, agreeing, and supplying such materials and that any deviation from the provisions of the recorded instruments by the parties thereto, such as the advancement of monies as set forth in specification of error No. 3 would cause the mortgage to be subordinate to such materialman liens, (5) in holding that the mortgagee was not obligated or required to advance the full amount as represented by the “construction mortgage” under the facts and evidence presented in this case.
It was stipulated between counsel that the liens that were filed by the defendants in rule were correct as to the amount claimed ; that they were duly recorded as shown on the mortgage certificate; that proper notice was given to Mauroner-Craddock, Inc.; and that there was no question as to the delivery of the materials involved by the lienholders to the particular lot.
Appellants attack the validity of the mortgage in question as not being a valid “construction mortgage” in accordance with the provisions of R.S. 9:4801(C) which reads as follows:
“C. When a mortgage note has been executed by the owner of the immovable for the purpose of securing advances to be made in the future, and the mortgage has been recorded and the note delivered to the lender before any work or labor has begun or material been furnished, or before the recordation of a building contract, the amount of the advances made thereafter shall be deemed secured by the mortgage in precedence to and with priority over any of the claims had under the privileges conferred by Sub-Section A of this Section, except as stated in SubSection D hereof.”
Louisiana Ready-Mix Company, Inc., one of the intervenors, filed an exception to plaintiff in rule’s unauthorized use of summary procedure for the reason that ex-ceptor had previously filed a petition of intervention which had not been answered by plaintiff in rule and plaintiff’s attempted use of summary procedure seeks to have exceptor’s lien canceled prior to trial on the merits of exceptor’s intervention. The exception was tried and for oral reasons assigned was overruled. Mid-South Door Company, Inc. and United Insulation Company filed an exception of no cause of action on the grounds that plaintiff in rule failed to allege the balance due on his mortgage foreclosed on and failed to allege the amount of the bid at the Sheriff’s sale of the property and the fact that the bid price was less than the balance due on plaintiff in rule’s mortgage. The exception was tried and for oral reasons assigned was overruled.
The case was tried on the rule to show cause and on the petitions of intervention and the judgment of the court was that the claims of plaintiff were superior to the claims of the intervenors insofar as they cover claims for materials furnished in connection with the construction, and to that extent the rule nisi issued on the petition of plaintiff was made absolute, and the liens and encumbrances filed by the inter-venors were ordered cancelled to that extent, and that the claims of defendants in rule for labor were superior in rank to the mortgage of plaintiff in rule.
Defendants in rule applied for and obtained an order of appeal.
Prior to the oral argument of this case, before this Court, appellants filed an Exception of No Cause or Right of Action *256 which was based in general upon certain alleged defects in form concerning the original foreclosure; that is, the petition failed to allege or disclose any authority, in authentic form or by private act, for the plaintiff to represent the present holders of the notes; that two of the notes were payable to the American Bank & Trust Company and they contain no endorsement or transfer of rights under the notes by-the said bank; that there was no evidence of authority in authentic form or private act authorizing one Ralph Mc-Collister to act for the Royal American Life Insurance Company in endorsing and transferring the hand notes sued upon and that the said mortgage notes and/or hand notes were not attached or made a part of the petition in plaintiff’s suit for execu-tory process.
After the oral argument this court remanded the case for oral argument and the submission of briefs limited to the question raised by the exceptions. This action was taken.
The first question before the court deals with appellants’ allegation of error that the trial court erred in not finding that the construction mortgage holder had lost any precedence or priority it may ordinarily have had over materialmen’s liens under the provisions of R.S. 9:4801(C), by virtue of the simultaneous or prior advancement of monies thereunder to mortgagor for the purpose of paying a portion of the purchase price of the property and commitment charges made by the mortgagee.
Appellants’ argument in this case is based upon the proposition that the plaintiff admittedly made an advance in the amount of $3,840.00 on each mortgage note sued upon which said advancement was represented by the first handnote sued upon and was used to pay a portion of the purchase price of the lot. Appellants further say that mortgagee received a commitment fee at the time of the loan of $470.00 on Lot 161. Appellants then say by subtracting these amounts from the total amount of the mortgage on said Lot 161 of $23,500.00 means that there would be available for construction only the sum of $19,190.00 rather than the $23,500.00 as represented by the construction mortgage. In addition, appellants maintain that a supplier examining the records would have been led to believe that the owner actually had a $3,840.00 equity in each lot in that the consideration for the lot was $6,500.00, represented by a supposedly cash payment of $3,840.00, and a mortgage of $2,660.00 due one year after date, and subordinated to the construction mortgage; therefore, a supplier relying upon the availability and equity in construction money would have been led to believe that there was a total of $27,340.00 in equity and construction mortgage money as to said Lot 161, shown by the public records, but when a situation arose such as in this case wherein a supplier would have to exercise his lien, he would find that there was $8,150.00 less security than shown by the public records, there being only $19,660.00 available for construction, which amount is almost identical to the amount sued upon by the plaintiff under the mortgage.
Appellants therefore urge that the lien statutes, being in derogation of common rights, must be considered as “stricti juris” and rigidly construed, referring to National Surety Corporation v. Highland Park Country Club, La.App., 111 So.2d 811, and that under R.S. 9:4801(C), a lender under an interim or construction mortgage is required to make advances solely for construction and cannot use the proceeds of a construction mortgage for the disbursement of money for the purchase of property or for any other purpose, including paying itself a commitment fee, and that, therefore, as strict compliance with the provisions of R.S. 9:4801(C) was not met, the plaintiff is not entitled to be deemed secured in precedence and priority over the materialmen’s liens held by the appellants.
The trial court held in this regard:
“The court is of the opinion that the first objection is without merit, for the *257 reason that if the vendor’s lien of the vendor of the lots to this defendant had not been partially satisfied by the advance of $3,840 and the subordination of of the balance of the purchase price of the lots to the construction mortgages, this vendor’s lien would have primed the claims of the intervenors, as does the construction mortgages. In other words, it is the opinion of this court that the intervenors are not prejudiced by the fact that the claim of the vendor has been merged into the claim under the construction mortgages.”
With the holding of the trial court, we cannot agree.
While, as a practical matter, the rationale of the trial court set forth above is correct in that if an alternate method of financing had been used, that is, by means of a vendor’s lien, the vendor’s lien would have primed the claim of the appellants. This is not the question at issue in this case. The sole question in this case is whether or not the plaintiff complied with R.S. 9:4801(C), since they chose to finance these lots by means of a construction mortgage rather than by a vendor’s lien.
It should be pointed out that there is no jurisprudence in Louisiana concerning this point.
An examination of R.S. 9:4801(C) clearly sets forth an additional protection for mortgage holders against materialmen’s liens in connection with construction loans provided certain requirements and conditions are met. The section then provides that if these conditions are met, advances made under this type of mortgage will be deemed secured by the mortgage in precedence to and with priority over the materialmen’s claims set forth in Subsection A of LSA-R.S. 9:4801.
An examination of the statute clearly shows that it was the intent of the legislature to protect the mortgage holder for advances made for construction purposes and there is nothing in the act which would indicate that a materialman would lose his lien rights because of advances made for the purchase of property, commitment fees, or any other type of expenses. It is, therefore, the position of this court that as the plaintiff has not strictly complied with the provisions of R.S. 9:4801(C), the liens of the appellants had precedence and priority over the mortgage held by the plaintiff and that these liens should be paid out of the proceeds of the sale in preference to payment to the mortgage holder.
In view of this holding, it is not necessary for this court to go into any of the other questions raised in this matter, including those raised by the exceptions of no cause or right of action.
It is ordered, adjudged and decreed that the decision of the trial court be reversed and that this case be remanded to the District Court for proper proceedings for disbursing the funds in accordance with the reasons set forth herein.
Reversed and remanded.