JONES, Judge.
Great American Insurance Company and Louisiana Nursing Homes, Inc., appeal from a trial court judgment which held them solidarily liable to Home Building Insulators, Inc., recognized Home Building’s subcontractor's lien against certain immovable property, and cast Great American for ten percent attorney’s fees. Home Building appeals as to that portion of the trial court judgment holding numerous other defendants to be without personal liability. We affirm.
*46 Tri-Con, Inc., a construction company, entered into a construction agreement on April 27, 1973, with Real Properties, Ltd., d/b/a Pierremont Heritage Manor Nursing Home, to construct an addition to the nursing home. The nursing home property was actually owned in indivisión by the individual shareholders of Real Properties, Ltd. Great American Insurance Company provided a performance bond covering TriCon’s obligations under the construction contract.
On September 25,1973, the nursing home property was sold to Tri-Con, which leased the property to Louisiana Extended Care Center, Inc. In the lease Tri-Con obligated itself to perform the construction at its own expense and agreed to later resell an undivided one-half interest in the nursing home property to the individual shareholders of Real Property, Ltd., and to sell the other one-half interest to John D. Murray, the major stockholder of Tri-Con.
In connection with the sale of the nursing home property to Tri-Con, Great American issued a new performance bond. The sale to Tri-Con was recorded on October 18, 1973. Neither the construction contract nor either of the performance bonds were ever recorded.
Tri-Con then entered into a verbal contract with Home Building Insulators, Inc. under which Home Building was to furnish manned heavy construction equipment to Tri-Con for site preparation and related work. Work was commenced on October 22,1973. Although Home Building did substantial work over the next year, it was not paid for a large portion of its work.
On September 3, 1975, Tri-Con sold the nursing home property to Louisiana Nursing Homes, Inc. which agreed, inter alia, to assume all obligations with respect to the nursing home property. In this contract, Great American agreed to indemnify Louisiana Nursing Homes, Inc. and the individuals comprising Real Properties, Ltd. for any claims which might arise out of work previously performed on the nursing home property.
When a substantial part of its bill became past due and remained unpaid, Home Building filed a subcontractor’s lien on the nursing home property and commenced this action. Named as defendants were Great American Insurance Company, Louisiana Nursing Homes, Inc., Tri-Con, Inc., Louisiana Extended Care Centers, Inc., John D. Murray and his wife, Jerry Ann Murray, and the nineteen individuals who were shareholders in Real Properties, Ltd., and who had previously owned the nursing home property in indivisión.
After trial, the lower court awarded Home Building a judgment against Great American Insurance Company, Tri-Con, Inc., and Louisiana Nursing Homes, Inc., in solido, in the amount of $15,634.30, subject to a credit of $771.81 previously paid, plus interest at the rate of seven percent per annum from the date of judicial demand until paid. Great American was also held liable for a ten percent attorney’s fee. Home Building’s lien on the property was recognized but demands against all other defendants were rejected.
Great American and Louisiana Nursing Homes contend that the trial court erred in holding Home Building was entitled to a lien against the nursing home property and a personal judgment against the owners of the nursing home property under the terms of the Private Works Act, LSA-R.S. 9:4801 et seq. They argue the billing invoices sent by Home Building, which itemize charges based solely on the hourly usage of certain heavy equipment, show Home Building was only a lessor of equipment and therefore R.S. 9:4801 is inapplicable since it provided, at the time this claim arose, for a lien in favor of “. . . every contractor, subcontractor, . . . workman, laborer, or furnisher of material, machinery, or fixtures exclusive of anyone who rents or leases movable property, who performs work or furnishes material . . . .” (Emphasis added).
The testimony shows Home Building provided labor and manned equipment, operating under their own supervision, to do *47 site preparation and demolition work for the nursing home renovation and expansion. We find the services provided by Home Building to come within the provision of the statute pertaining to a “. subcontractor . . . who performs work . . . Gifford-Hill and Company v. Harper, 262 So.2d 842 (La.App.2d Cir. 1972), and since no bond or contract was recorded, Home Building is therefore entitled to a lien on the property and a personal judgment against the owner.
Even if the facts of these independent operations were not so clearly shown, Home Building would still be entitled to recovery as the lessor of manned equipment. Such a distinction was made clear in National Surety Corporation v. Highland Park Country Club, 240 La. 747, 125 So.2d 151 (1960). While this case dealt with the Private Works Act prior to the addition of the exclusion emphasized above, the result is the same, as the exclusion merely codified existing jurisprudence, as noted in Continental Casualty Company v. Associated Pipe and Supply Company, 447 F.2d 1041 (5th Cir. 1971), and was not intended to apply to leased equipment where the lessor also provided the operator.
Appellants also complain the trial judge erred in awarding judicial interest on the amount found due from the date of judicial demand because Home Building did not expressly pray for it. This argument is without merit. In their petition, Home Building prayed for conventional interest from the date the services were invoiced to the owners. Although it was not entitled to this interest because there was no contractual provision for it, Home Building was entitled to legal interest from the date of judicial demand, and the trial court properly awarded this smaller amount. LSA-C. C.P. Art. 862, 1921.
Great American complains that because Home Building did not prove it had made amicable demand upon Great American, the trial court award of ten percent attorney’s fees to Home Building under the provisions of LSA-R.S. 9:3902[1] was erroneous. We find the trial court properly awarded these attorney’s fees. Home Building’s petition clearly alleges amicable demand. Great American’s answer cannot be reasonably interpreted in any manner other than as an admission that amicable demand was made.
The lower court was also correct in rejecting Home Building’s demands against all other defendants. The record shows the previously executed construction contract with Tri-Con, the general contractor, had been terminated at the time Home Building began its work, and none of the other defendants were owners of the nursing home property at the time that work began, or at any time thereafter.
For the foregoing reasons, the judgment of the trial court is affirmed, with each appellant to pay one-third of the costs of this appeal.
Affirmed.

. “§ 3902. Failure of surety to pay; recovery of attorney's fees
“If the surety on a bond fails to pay his obligation and it becomes necessary for the creditor to sue thereon, the latter shall be entitled to ten per cent attorney’s fees on the amount recovered, provided he has employed an attorney for the purpose, has made written amicable demand on the principal and surety and thirty days have elapsed from their receipt thereof without payment being made, and the full amount claimed in the demand is recovered.
“This Section shall not affect the right to recover interest and costs as otherwise provided by law.”