475 So.2d 799 (1985)
CIRLOT COMPANY and Circle Incorporated
v.
LAKE FOREST, INC.
No. CA 2659.
Court of Appeal of Louisiana, Fourth Circuit.
August 28, 1985.
Writ Denied November 8, 1985.
Mitchell J. Hoffman, D. Michael Dendy, Jenny Brown LaCour, McCloskey, Dennery, Page & Hennesy, New Orleans, for plaintiffs.
J. Rene Williams, Montgomery, Barnett, Brown & Read, New Orleans, for defendant.
Before REDMANN, C.J., and SCHOTT and GARRISON, JJ.
REDMANN, Chief Judge.
Plaintiffs, Cirlot Company and Circle Incorporated, supplied manned equipment to Lionel J. Favret Construction Co. Inc. for excavation that Favret was doing under a contract with defendant, landowner Lake Forest, Inc.
Plaintiffs now appeal from the dismissal of their action against the landowner under the Private Works Act, La.R.S. 9:4801 ff. Plaintiffs do not contend that the owner is liable to them in any other way, either by contract or by delict.
Plaintiffs argue that they were "subcontractors" within the statute; if not, that the statute's requirements for an equipment lessor to obtain a privilege do not apply to suppliers of manned equipment; and that, independent of their position as "subcontractor" or lessor, lessors of manned equipment are entitled to private works act privileges. We reject these arguments and affirm the trial court's dismissal of their action.
Plaintiffs are not subcontractors because R.S. 9:4807 defines a subcontractor *800 as one "who is bound to perform all or part of a work contracted for by the contractor" and plaintiffs were not bound to perform "all or part of a work." Their agreement with Favret was only to provide him with a dragline and its operator, who took instructions from Favret rather than from plaintiffs; and Favret could have ceased using plaintiffs' manned equipment at any time because he had not sublet part of the work to plaintiffs. Thus the position of plaintiffs was dissimilar to that of the claimant held a subcontractor in Home Bldg. Insulators, Inc. v. Great Am. Ins., 347 So.2d 44 (La.App. 2 Cir.1977), writ denied 349 So.2d 1269. The mere inclusion of an operator in the rental of expensive, complex, or heavy machinery may evidence no more than an insistence on protecting the machine and its owner from damage and liability from improper operation. Plaintiffs are not subcontractors.
R.S. 9:4802 A(4) does give a claim to "Lessors, for the rent of movables used at the site of the immovable and leased to the contractor or a subcontractor by written contract." To be entitled to that claim, § 4802 G provides, "the lessor of the movables shall deliver a copy of the lease to the owner and to the contractor not more than ten days after the movables are first placed at the site of the immovable for use in a work." Plaintiffs do not claim compliance with the statute as lessors, but they argue that lessors of manned equipment are not governed by provisions for simple lease of unmanned equipment.
As we understand plaintiffs' argument, that second point then merges with their third point, namely that lessors of manned equipment are protected independent of their possible status as subcontractors or lessors. This third part of their argument is based on National Surety Corp. v. Highland Park C.C., 240 La. 747, 125 So.2d 151 (1960), and Home Bldg., supra. National Surety held an equipment lessor not protected by the statute, reasoning that the then R.S. 9:4801 granted liens only to a "furnisher of ... machinery ... who performs work," and that its claimant who did not perform work was therefore not entitled to a lien. Apparently in reaction to that case's obiter suggestion that a lessor who did perform work might be covered, the legislature amended the statute to limit its benefit to a "furnisher of ... machinery..., exclusive of anyone who rents or leases movable property, who performs work...." Home Bldg. held that one who furnished manned equipment to the landowner is a subcontractor (as noted earlier in this opinion), but then added (despite the exclusory amendment) that "[e]ven if" the furnisher were not a subcontractor, it would be entitled to a lien because its operator "performed work" at the site.
Whatever the correctness of that unnecessary assertion by Home Bldg. under the former law, it has no application today because of the complete revision of the statute in 1981. There is no language in today's statute that grants a claim or privilege to anyone on the basis of being a "furnisher of material who performs work." Today's statute gives a claim or privilege only to specific categories in both § 4801 (protecting those who deal with the owner) and § 4802 (protecting those who deal with the contractor or subcontractor). There are only two possible categories protected by today's statute in which plaintiffs can assert membership: subcontractor, and lessor of movables used at the site.
We conclude that plaintiffs are not subcontractors but lessors, and that they did not fulfill the requirements of R.S. 9:4802 for a lessor's claim against the owner and privilege against the immovable. Having no other possible basis, their action was correctly dismissed.
Affirmed.