(Decided 10th March, 1886.)

THOMAS C. BASSHOR and WALLACE STEBBINS, trading as THOMAS C. BASSHOR & CO. *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

*Mechanics' Lien—Material-man—Machinery.*

In providing that a material-man shall have a lien for all materials furnished for, or used in and about, the construction of bridges, the law means such materials as ordinarily enter into or are used in the construction of bridges, and are fairly within the express or implied terms of the contract between the owner and contractor. It does not mean the machinery that may be used for the manufacture of the materials themselves.

Where a contractor for building a bridge, buys machinery for crushing stone to be used in the manufacture of artificial stone for the masonry work, and also appliances to carry the manufactured stone to the place where it is to be used, the seller of such machinery

and appliances has no lien therefor under the provision of the mechanics' lien law, which gives a material-man a lien for all materials furnished for, or used in and about, the construction of bridges.

APPEAL from the Circuit Court for Baltimore County.

In this case the appellants claimed to have a mechanics' lien against the bridge, abutments, &c., belonging to the appellee, built across the Big Gunpowder River in Baltimore County, on the line of the railroad of said appellee between Baltimore City and Philadelphia, for certain machinery, engines and other materials furnished by them to the Hoopes Artificial Stone, Cement and Paint Company, the contractor for the building of the abutments and piers of said bridge, and used by said contractor in, for and about their construction. At the close of the plaintiffs' testimony, the Court, (FOWLER, J.,) at the instance of the defendant, granted the following prayer:

"That the plaintiffs are not entitled to recover in this action, because they have introduced no legally sufficient evidence to show that the articles embraced in the lien claim were materials furnished, or work done, for or about the bridge over the Big Gunpowder River."

The plaintiffs excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*John Prentiss Poe,* for the appellants.

The Court below was of opinion that the materials furnished by the appellants, were not the kind of materials intended to be covered by the statute which relates to materials intended for use in the building of a bridge, and does not include contractors' plant or movable machinery, such as that furnished by the appellants to the contractor

for the purpose of preparing the artificial stone for use in the bridge.

This construction of the statute is entirely too narrow. It would deny the benefit of a lien to the material-man who furnishes timber and lumber used as scaffolding, and without which a building could not well be erected; and it would also result in preventing the party furnishing a derrick or other hoisting machine, without which the structure could not be built, and which was actually used "for and about" the construction of a building, from successfully asserting a lien. So, too, the material-man furnishing the materials for the erection of a platform or hanging contrivance, necessary to enable the painting or fresco work to be done in the interior of a church or other lofty building, would, upon this restricted interpretation, be beyond the protection of the statute, though without such materials the work would be impossible.

The statute gives the lien for materials furnished "for or about" the bridge. The materials supplied by the appellants were furnished "for and about" it, and were reasonably proper and necessary for the work.

The law does not require that the materials shall be incorporated *in* the structure, for it is settled that if materials are ordered for a building, and are delivered at the building, the lien may be asserted even though they be not in fact used. *Greenway vs. Turner*, 4 *Md.*, 296. See *Dixon vs. La Forge*, 1 *E. D. Smith*, 722; *Phillips on Mechanics' Liens, sec.* 159.

*W. Irvine Cross*, and *E. J. D. Cross*, for the appellee.

Among the principles that have been recognized by the Courts in construing the mechanics' lien law, it may be observed:

1. The materials must go into the structure. *Phillips on Mechanics' Lien, 2nd Ed., sec.* 151, (*page* 253); *Chapin vs. Persse & Brooks*, 30 *Conn.*, 461, 472; *Hunter vs. Blanchard*, 18 *Ill.*, 318.

2. While the above is the general rule yet if materials, such as might be properly expected to go into a building, be furnished in good faith for that building, the seller will not be required to stand by and see that they are woven into it. The delivery of goods of that kind, and for that purpose, practically puts it out of his power to keep them separate, or to retain a hold on them. He will have his lien on the building. *Phillips on Mech. Liens, sec.* 149, *(this part of the subject on* 251); *Odd Fellows' Hall vs. Messer,* 24 *Penna. St.,* 510; *White vs. Miller,* 18 *Pa. St.,* 52.

In the case of *Greenway vs. Turner,* 4 *Md.,* 296, (306), while it was not so decided, yet the principle was conceded.

3. Title to the material furnished vests in the proprietor of the building. *White vs. Miller,* 18 *Pa. St.,* 54; *New Eng. Car Spring Co. vs. Balt. & Ohio R. R. Co.,* 11 *Md.,* 90.

These decisions, we think, show clearly the history, scope and purpose of the Mechanics' Lien law. Its purpose is to give a remedy to the man who has furnished materials that have entered into and become a part of the fixed property of another, so that they cannot be restored to their original shape. If his goods have become a part of the purchaser's fixed property, the seller gets a claim on that property to the value of his goods that went into it.

Robinson, J., delivered the opinion of the Court.

We do not see any grounds on which the mechanics' lien claimed in this case can be sustained. The Hoopes Artificial Stone Company contracted with the defendant corporation to build its bridges over the "Big" and "Little Gunpowder."

The masonry work was to be built of *artificial stone,* and this artificial stone was to be made of finely ground stone, sand and cement. For the purpose of grinding the stone to be used in the manufacture of the artificial stone,

the Hoopes Company bought certain machinery of the appellant, and it bought also appliances to carry the stone when made to the piers of the bridges where it was to be used. And it is contended that the machinery and appliances thus sold to the contractor, are materials furnished in the construction of the bridges, within the meaning of the mechanics' lien law.

This seems to us to be stretching the lien law, rather beyond anything warranted either by the letter or the spirit of the law. When the law says, the material-man shall have a lien for all materials furnished for, or used in and about, the construction of bridges, it means such materials as ordinarily enter into, or are used in the construction of bridges, and which are fairly within the express or implied terms of the contract, between the owner and contractor. It does not mean, the machinery that may be used for the manufacture of the materials themselves. You might just as well say, that the mill by which the lumber is sawed, or the tools used by the mechanic in building a house, are materials furnished in the construction of the house, as to say that the machinery used in the manufacture of the artificial stone, is to be considered as part of the materials used in the construction of the masonry work of the defendants' bridges. The machinery thus used is *the plant of the contractor,* and can in no sense be said to be materials furnished or used in building the bridges.

The mechanics' lien law is, it is true, to be liberally construed, but Courts have no power to extend it to cases, beyond the obvious designs and plain requirements of the statute.

*Judgment affirmed.*

(Decided 10th March, 1886.)