GILES AND RANSOME, INC. *v.* FIRST NATIONAL REALTY CORPORATION, ET AL.

[No. 224, September Term, 1964.]

*Decided March 31, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, SYBERT, OPPENHEIMER and BARNES, JJ.

*C. Edward Hartman, II,* with whom were *Fell and Hartman* on the brief, for appellant.

*Hal C. B. Clagett,* with whom were *Sasscer, Clagett & Powers, Paul H. Mannes* and *Bernstein, Kleinfeld & Alpher* on the brief, for appellees.

HORNEY, J., delivered the opinion of the Court.

This is an appeal from the order of the Circuit Court for Prince George's County sustaining without leave to amend a demurrer to a petition for the foreclosure of a mechanics' lien. Giles and Ransome, Inc., the lessor of earth-moving equipment to the grading subcontractor, is the appellant. And the First National Realty Corporation, the owner of a department store building in Greenbelt, and others, are the appellees.

The owner, having agreed to erect and lease the building to S. Klein Department Store, entered into a contract with a general contractor, the Regional Construction Company, Inc., for the construction of the project. The general contractor, in turn, subcontracted with the Hurd Corporation, to grade the building lot to street level. And the subcontractor arranged with the lessor to supply the necessary equipment on a rental basis. The equipment was sent when needed, was kept in running order and was removed when the grading was completed, but the equipment was operated by mechanics of the subcontractor. Only a part of the rental and service charges were paid by the subcontractor and a lien for the balance of $48,423.87 was filed against the owner and others.

The questions presented on appeal are essentially (i) whether the leasing of earth-moving equipment to a grading subcontractor constituted either "work done for or about" the premises or a debt "contracted for work done for or about" the erection of a building within the meaning of the mechanics' lien law, for which the lessor would be entitled to a lien, and (ii) whether a lessor of equipment to a contractor or subcontractor is within the class of persons entitled to a lien.

Code (1964 Repl. Vol. 5), Art. 63, § 1, provides in pertinent part that "every building erected * * * shall be subject to a lien for the payment of all debts contracted for work done for or about the [premises], and for materials furnished for or about the same." Although it is settled that the statute is to be construed in the most liberal and comprehensive manner in favor of mechanics and materialmen, the party seeking a lien must nevertheless come within the plain meaning and obvious purpose of the statute. And where a person is not within the statutory provisions, the scope of the law may not be extended by the courts. *Freeform Pools v. Strawbridge Home for Boys*, 228 Md. 297, 179 A. 2d 683 (1962); *Maryland Casualty Co. v. Lacios*, 121 Md. 686, 89 Atl. 323 (1913).

It appears that whether or not the lessor of equipment to a contractor or a subcontractor is entitled to a lien for the rental of first impression in this State. We have decided somewhat of and service charges on the equipment supplied is a question

related questions in several cases, but none of them are directly in point on the question here presented.

In the main, the lessor relies on *Gill v. Mullan,* 140 Md. 1, 116 Atl. 563 (1922) and *House v. Fissell,* 188 Md. 160, 51 A. 2d 669 (1947), to support its entitlement to the lien. It is true that in these cases, the Court, after ruling that such items as the depreciation on construction machinery and the cost of fuel and oil used in the operation thereof did not constitute materials within the meaning of the statute, nevertheless held in *Gill* that there was nothing to preclude the claim of a lien for "work done" and held in *House* that such items could be brought within the statute as "debts contracted for work done for or about the building," but in *Gill* the lienor was a subcontractor and in *House* he was the general contractor, and neither case involved the rental of equipment for the particular job.

The owner, on the other hand, relies on *Basshor v. B. & O. R.R. Co.,* 65 Md. 99, 3 Atl. 285 (1886), and *State use Gwynns Falls Quarry Co. v. National Surety Co.,* 148 Md. 221, 128 Atl. 916 (1925), but there is nothing in either of these cases which compels a holding in the instant case that the lessor is not entitled to a lien for the rental of its earth-moving equipment. In *Basshor,* where the contractor for building a railroad bridge had bought stone-crushing machinery to be used in the manufacture of artificial stone for the masonry work, it was held that the seller of the machinery was not entitled to a lien for *materials furnished* for or about the construction of the bridge. In *State use of Gwynns Falls Quarry,* where a steam shovel had been leased to the subcontractor for uses not connected with the construction of the highway to which the contractor's bond referred and the monthly rental was payable regardless of the extent of the use of the shovel or the place where it was used, it was held that the rental was not *work done* on the highway.

While the precise question to be decided was not raised in any of the aforementioned cases, it is squarely before us now, and, as we see it, the answer turns on whether the mechanics who operated the leased equipment were employed by the lessor or lessee. Since it is not disputed that the operators were em-

ployees of the subcontractor (who was the lessee), we think the lessor was not entitled to a lien either on the theory that the supplying of the equipment on a rental basis constituted "work done" or on the theory that the charges for the use of the equipment constituted a debt "contracted for work done." This is so because the lessor had done no work for or about the premises. In order for it to come within the plain meaning and obvious purpose of the statute it was necessary for it to have actually participated in the performance of the work done, and this necessitated something more than taking the equipment to the site of the job, keeping it in running order while it was there, and removing it when the grading was completed.

Whether a lien based on the rental of equipment is permitted or prohibited necessarily depends on the interpretation the courts give to the wording of the statute. Although the Maryland statute in using the words "debts contracted for work done," is different from those in other states, a comparison of the statutes with respect to what is lienable seems to indicate that, by limiting recovery of a lien to work done and materials furnished for or about the premises without specification as to what is includable, there was an intention to exclude recovery for rentals of equipment. Some statutes, however, specify some of the items that are includable, while others do not. And some states, such as Washington, California and Minnesota, have extended their statutes to include the leasing of equipment. While the Maryland statute specifies, among other things, that grading and filling are lienable, it does not include the leasing of equipment for that purpose. The courts, however, are not in accord as to whether a lessor of equipment is entitled to a lien under statutes which are not specific as to what is lienable.

The rental value of equipment was allowed as work done in *Timber Structures v. C. W. S. Grinding and Machine Works,* 229 P. 2d 623 (Or. 1951), where a subcontractor asserted a lien, and in *Mann v. Schnarr,* 95 N. E. 2d 138 (Ind. 1950), where a lien was claimed by a general contractor. In *Harris v. Cincinnati Ry. Co.,* 280 S. W. 2d 800 (Tenn. 1955), a lien filed by the lessor of a subcontractor for the rental of machinery was allowed as materials furnished under a statute authorizing a lien for "work and labor done or material furnished." But,

in the absence of statutory provisions to the contrary, the weight of the decisions in other jurisdictions is to the effect that the lessor of equipment to either a contractor or a subcontractor is not entitled to a mechanics' lien under a statute such as ours. See, for example, *Bushman Construction Co. v. Air Force Academy Housing*, 327 F. 2d 481 (10th Cir. 1964) ; *Lembke Construction Co. v. J. D. Coggins Co.*, 382 P. 2d 983 (N. M. 1963) ; *Wilkinson v. Pacific Mid-West Oil Co.*, 107 P. 2d 726 (Kan. 1940).

We conclude that the rental of equipment without a mechanic to operate it is not a lienable item under the provisions of § 1 of Art. 63. And the provisions of § 13 of Art. 63 make it apparent that a lessor of equipment to a contractor or subcontractor is not included within the class of persons entitled to a lien.

Whether or not §§ 1 and 13 of Art. 63 should be amended to protect a contractor and a subcontractor who leases equipment without a mechanic to operate it and extend the statute to include a lessor of equipment is a matter for the legislature, not the courts.

*Order affirmed; appellant to pay the costs.*