**LOGAN EQUIPMENT CORP.**

v.

**PROFILE CONSTRUCTION CO., INC.**

**PROFILE CONSTRUCTION CO., INC.**

v.

**LOGAN EQUIPMENT CORP.**

Nos. 89–532–Appeal,
89–555–Appeal.

Supreme Court of Rhode Island.

Jan. 18, 1991.

Samuel A. Olevson, Pucci & Goldin, Inc., Providence, for plaintiff.

Leo J. Dailey, Coventry, for defendant.

OPINION

MURRAY, Justice.

This consolidated case comes before us on appeal by Logan Equipment Corp. (Logan) from a Superior Court order nullifying Logan's notice of lis pendens and notice to do work or furnish materials, and dismissing Logan's petition to enforce a mechanic's lien. We affirm.

The facts in this case are not in dispute. From May 1989 to September 1989, Logan leased several pieces of excavation equipment to the Lawrence Group, a subcontractor of appellee Profile Construction Co. (Profile). The equipment was for use on a construction site in the town of Coventry. When the Lawrence Group failed to pay over $33,000 in rental charges, Logan filed a notice of intention to claim a lien in the Land Evidence Records office in Coventry. The filing of this notice caused work on the project to cease, and Profile was therefore unable to obtain financing.

On September 15, 1989, Profile filed a complaint against Logan in Kent County

Superior Court, alleging that Logan's notice of intention to claim a lien was damaging Profile's business and slandering its title to the property. Profile sought damages and requested that Logan be directed to remove the notice and enjoined from maintaining it. Subsequently Logan filed a notice of lis pendens and a petition to enforce its lien.

After hearing arguments by the parties, the trial justice declared both the notice of intention to claim a lien and the notice of lis pendens to be null and without effect. Taking judicial notice of Logan's petition to enforce its lien, the trial justice dismissed the petition sua sponte. The matters have been consolidated on appeal.

The issue before us is whether a lessor of excavation equipment may claim a mechanic's lien under G.L.1956 (1984 Reenactment) chapter 28 of title 34. Section 34–28–1 states:

> "Whenever any building * * * shall be constructed * * * such building * * * is hereby made liable and shall stand subject to liens for all the work done by any person * * * and for the materials used * * * which have been furnished by any person."

Profile contends that Logan did not do work or furnish materials in accordance with § 34–28–1 but merely leased equipment to the Lawrence Group and therefore may not claim a mechanic's lien. The mechanics' lien law in Rhode Island is "intended to afford a liberal remedy to all who have contributed labor or material towards adding to the value of the property to which the lien attaches." *Field & Slocomb v. Consolidated Mineral Water Co.*, 25 R.I. 319, 320, 55 A. 757, 758 (1903). There is little doubt that Logan contributed to the value of the construction project by leasing equipment to the Lawrence Group. The contribution of value, however, is not what the statute requires. Rather the furnishing of labor or materials forms the basis for a mechanic's lien.

■ Logan argues that the Legislature intended § 34–28–1 to be broadly construed so as to bring bare rentals of equipment within its purview. Although we agree

that a broad construction will serve to afford a liberal remedy, we shall not construe the statute so broadly as to extend a remedy to a claimant who has not first brought itself clearly within the terms of the statute. *See Giles and Ransome, Inc. v. First National Realty Corp.*, 238 Md. 203, 205, 208 A.2d 582, 583 (1965). Once the claimant has established its right to a lien, then we may proceed to a liberal construction. In order to find in Logan's favor, we must determine that Logan provided "work" or "materials" by leasing equipment.

■ "It is generally held under applicable lien laws that machinery not (a) totally depreciated by use on the property or (b) incorporated into the improvement, or (c) in connection with which labor was also supplied could not be the basis of a valid lien." *Air Service Co. v. Cosmo Investments, Inc.*, 115 Ga.App. 596, 596, 155 S.E.2d 413, 414 (1967). The excavation equipment in question was not totally depreciated by its use, nor was it incorporated into the improvement. Therefore, it does not satisfy the definition of materials.

There is one court that has analogized a lease of equipment to the furnishing of materials. In *R.L. Harris, Inc. v. Cincinnati, New Orleans & Texas Pacific Railway Co.*, 198 Tenn. 339, 280 S.W.2d 800 (1955), the court construed the lease as a purchase of the use of the equipment for a limited time. Because that which was purchased (that is, the use) was consumed in the project, the court upheld the lien. *Id.* at 343–44, 280 S.W.2d at 801–02. Tennessee is alone in this view, and we decline to follow its lead.

■ Logan's appeal now turns on a contention that he did work. "It is well settled that the rental or the value of the use of machinery cannot be the basis for the claim of a mechanic's lien." *Wilkinson v. Pacific Mid–West Oil Co.*, 152 Kan. 712, 714, 107 P.2d 726, 727 (1940). Fifty years later, this statement still represents the majority view. Some jurisdictions have amended their statutes to include expressly the rental of equipment as the basis for a lien. But when the statute speaks only in terms of

work done or materials furnished, as does our own law, jurisdictions generally deny recovery. When Logan leased the equipment to the Lawrence Group,

> "to all intents and purposes it became the latter's machine, the same as if [the Lawrence Group] had purchased it outright. [Logan] did no manual labor, either by himself or his servants, towards the construction * * *. The machine was used by [the Lawrence Group] as though it was [its] own. * * * The machine thus used is 'the plant of the contractor,' * * *. To permit this lien to stand and be enforced would be stretching the lien law beyond any reasonable limit." *Lembke Construction Co. v. J.D. Coggins Co.*, 72 N.M. 259, 265, 382 P.2d 983, 987 (1963) (quoting *McAuliffe v. Jorgenson*, 107 Wis. 132, 134–35, 82 N.W. 706, 707 (1900)).

Furthermore, Logan supplied no labor with the equipment. Courts that have denied mechanics' liens on bare leases of equipment have stated that they would hold otherwise if the lessors had also supplied someone to operate the equipment. *See, e.g., National Surety Corp. v. Highland Park Country Club, Inc.*, 240 La. 747, 755, 125 So.2d 151, 153 (1960) (lien statute required furnisher of equipment to perform work also); *Giles and Ransome, Inc.*, 238 Md. at 206, 208 A.2d at 584 (lessor entitled to lien depending on whether operators supplied by lessor or by lessee); *Neil F. Lampson Equipment Rental & Sales, Inc. v. West Pasco Water System, Inc.*, 68 Wash.2d 172, 174, 412 P.2d 106, 107 (1966) (lien allowed if rental of equipment included operators). *But see Mableton Erectors, Inc. v. Dunn Properties of Georgia, Inc.*, 135 Ga.App. 504, 218 S.E.2d 175 (1975) (no lien allowed when operating crew was inseparable component of leased equipment).

Logan cites two cases to support his argument that we should adopt the minority view. In both *Mann v. Schnarr*, 228 Ind. 654, 95 N.E.2d 138 (1950), and *Timber Structures, Inc. v. C.W.S. Grinding & Machine Works*, 191 Or. 231, 229 P.2d 623 (1951), the equipment rental was only one small component of an extensive construction contract. Furthermore, the claimants in both cases were not the lessors of the equipment, as Logan is, but the lessees who had leased the equipment in order to fulfill their contractual obligations. On these facts, the courts upheld the liens. Logan's situation is clearly distinguishable, and we do not find Logan's argument persuasive. We emphasize that Logan did not supply labor.

█ We therefore hold that under our present statute a bare rental of equipment will not serve as the basis for a mechanic's lien. We accept the proposition that this result may seem inequitable. After all, Logan's contribution of excavation equipment undoubtedly added to the value of the construction. We are not in the habit, however, of supplying new statutory meaning where the Legislature has not clearly spoken. If the Legislature wishes to extend the protection of the mechanic's lien statute to lessors of equipment, then the Legislature may amend the statute as other jurisdictions have done. Until then, this court is constrained by the present incarnation of the mechanics' lien law.

For the foregoing reasons Logan's appeal is denied and dismissed, the order of the Superior Court is affirmed, and the papers of the case are remanded to the Superior Court.