# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       :     ID. No. 1510004414

                                 :     In and for Kent County

v.                              :

                                   :     RK15-10-0280-01

EDWARD JOBES,            :     Rape 4th < 16 (F)

                                   :

         Defendant.        :

## ORDER

Submitted: January 2, 2018
Decided: January 11, 2018
Vacated: September 19, 2018
Reissued: September 19, 2018

Upon remand from the Delaware State Supreme Court,[1] this Order regarding Defendant's Motion for Postconviction Relief previously ordered on January 11, 2018 is vacated and hereby reissued today for purposes of providing proper notice to Defendant Edward Jobes.

On this 19th day of September, 2018 upon consideration of Edward Jobes ("Jobes") Motion for Postconviction Relief, the Commissioner's Report and Recommendation, the objection filed by Jobes, and the record in this case, it appears that:

1. The defendant pled guilty at Final Case Review on February 24, 2016 to Rape Fourth Degree, under 16, 11 *Del. C.* § 770, as a lesser included offense of Rape in the Third Degree. The Court then ordered a presentence investigation report. On May 24, 2016, the Court sentenced Jobes to fifteen years incarceration suspended after four years for varying levels of probation. On July 15, 2016, Jobes filed a Motion for Modification of Sentence. That motion was denied on July 15, 2016.

---

[1] *Jobes v. State*, Del. Supr. No. 313, 2018, Strine, CJ (Sept. 17, 2018).

2. Jobes did not appeal his conviction or sentence to the Delaware Supreme Court. Instead he filed, *pro se,* the instant motion for postconviction relief pursuant to Superior Court Criminal Rule 61 on July 18, 2016. Subsequently Jobes filed several amendments to his motion along with a variety of other motions which the Court denied.

3. On October 26, 2017, the Commissioner filed her Report and Recommendation that Jobes' Rule 61 Motion, as well as his Motions to Amend his Motion for Post Conviction Relief be denied due to his failure to allege facts sufficient to substantiate any of his claims. The Court has reviewed his written objections, which set forth no new arguments.

**NOW, THEREFORE,** after a *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation dated October 26, 2017;

**IT IS HEREBY ORDERED** that the Commissioners Report and Recommendation attached as Exhibit "A", is adopted by the Court in its entirety. Accordingly, Jobes' Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is therefore **DENIED.**

/s/ Jeffrey J Clark
_____
Judge

JJC/dsc
oc:   Prothonotary

# Exhibit A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No. 1510004414 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK15-10-0280-01 |
| **EDWARD A. JOBES,** | ) | Rape 4th < 16 (F) |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Kathleen A. Dickerson, Deputy Attorney General, Department of Justice, for the State of Delaware.

Edward A. Jobes, *Pro se*.

FREUD, Commissioner
October 26, 2017

The defendant, Edward A. Jobes ("Jobes"), pled guilty at Final Case Review on February 24, 2016 to one count of one count of Rape Fourth Degree, under 16, 11 *Del. C.* § 770, as a lesser included offense of Rape in the Third Degree. The parties agreed on an open sentencing and a presentence investigation report was ordered. On May 24, 2016 Jobes was sentenced to a total of fifteen years incarceration suspended after serving four years for varying levels of probation. On July 15, 2016, Jobes filed a Motion for Modification of Sentence. That motion was denied on July 15, 2106.

Jobes did not appeal his conviction or sentence to the Delaware Supreme Court. Instead he filed, *pro se*, the instant motion for postconviction relief pursuant to Superior Court Criminal Rule 61 on July 18, 2016. Subsequently Jobes filed several amendments to his motion along with a variety of other motions all of which the Court denied.

## FACTS

Jobes was arrested on October 8, 2015 and charged with one count of Rape in the Third Degree. The investigation arose after a witness revealed to her counselor that Jobes, who was 34 years old, had engaged in sexual intercourse with the 14 year old victim. The victim was interviewed at the Children's Advocacy Center but she was unable to discuss what had transpired with Jobes. Due to the passage of time between the date of the offense and the disclosure, a SANE [Sexual Assault Nurse Examiner] kit could not be collected from the victim. A search warrant was executed on Jobes' house and a computer tower, two cell phones, and photographs were seized. Subsequently, Jobes was taken to Delaware State Police Troop 3 for questioning. Prior to the interrogation Detective Shawn Doherty read Jobes his Miranda rights, which he waived. During his statement, Jobes admitted that the victim was his second cousin and that he communicated with her over the "KIK" which is a cell phone app. The Affidavit of Probable cause states Jobes told the police that he and the victim communicated through computer and cell phone apps. After initially denying inappropriate contact, Jobes claimed that the victim came onto him, he became sexually aroused and consequently he engaged in sexual intercourse with her. He described the

act in great detail, including physical positioning and the sequence of events. Jobes stated that the sex act occurred on the couch in his shed.

## JOBES'S CONTENTIONS

In Jobes's Motion for Postconviction Relief he raises the following grounds for relief:

| | |
|---|---|
| Ground one: | Jobes alleges Constitutional violations. |
| Ground two: | Jobes alleges he should have been offered a different plea. |
| Ground three: | Jobes alleges his counsel was ineffective for a variety of reasons. |
| Ground four: | Jobes alleges his rights were violated because his cell phone was searched. |
| Ground five: | Jobes alleges the police coerced his confession. |
| Ground six: | Jobes alleges the Prosecutor improperly referenced his juvenile conviction during sentencing. |

On August 24, 2016, Jobes filed a Motion to Amend Motion for Postconviction Relief. The motion was granted and one more claim was added:

| | |
|---|---|
| Ground seven: | Jobes claims his indictment was defective. |

## DISCUSSION

Under Delaware law, this Court must first determine whether Jobes has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of his postconviction relief claim.[1] This is Jobes's first motion for postconviction relief, and it was filed within one year of his conviction becoming final. Therefore, the requirements of Rule 61(i)(1) - requiring filing within one year and (2) - requiring that all grounds for relief be presented in initial Rule 61 motion, are met. None of Jobes's claims were raised at the plea, sentencing, or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. To some extent Jobes's first, third, fourth and fifth claims are based on ineffective assistance of counsel; therefore, he has alleged cause for his failure to have raised them earlier. Jobes's remaining claims, second, sixth and seventh are procedurally barred by his failure to have alleged cause for not raising these grounds earlier.

At this point, Rule 61(i)(3) does not bar relief as to Jobes's first, third, fourth and fifth grounds for relief, provided he demonstrates that his counsel was ineffective and that he was prejudiced by counsel's actions. To prevail on his claim of ineffective assistance of counsel, Jobes must meet the two-prong test of *Strickland v. Washington.*[2] In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that,

---

[1] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991).

[2] 466 U.S. 668 (1984).

but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[3] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[4] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[5] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[6] This standard is highly demanding.[7] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[8]

Following a complete review of the record in this matter, it is abundantly clear that Jobes has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find trial counsel's affidavit, in conjunction with the record,

---

[3] *Id.* at 687.

[4] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[5] *See e.g., Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[6] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[7] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[8] *Strickland*, 466 U.S. at 689.

more credible that Jobes's self-serving claims that his counsel's representation was ineffective. Jobes's counsel clearly denies the allegations.

Jobes was facing the possibility of a minimum mandatory sentence for a potentially very long period of incarceration. As a result of pleading to the lesser included offense and having an open sentencing, Jobes had the possibility of receiving a sentence with little or no time incarcerated, and the sentence and plea were reasonable under all the circumstances, especially in light of his confession. Prior to the entry of the plea, Jobes and his attorney discussed the case. The plea bargain was clearly advantageous to Jobes. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Jobes entered his guilty plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[9] Consequently, Jobes has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Jobes was somehow deficient, Jobes must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[10] In an attempt to show prejudice, Jobes simply asserts that his counsel was ineffective. His

---

[9] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[10] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Jobes's grounds for relief are meritless.

To the extent that Jobes alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[11] At the guilty-plea hearing, the Court asked Jobes whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Jobes if he understood he would waive his constitutional rights if he pled guilty; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Jobes if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Jobes if he was entering into the plea as he was guilty of the charges. The Court also asked Jobes if he was satisfied with this counsel's representation. Jobes answered each of these questions affirmatively.[12] I find counsel's representations far more credible than Jobes's self-serving, vague allegations.

Furthermore, prior to entering his guilty plea, Jobes signed a Guilty Plea Form and Plea Agreement in his own handwriting. Jobes's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and

---

[11] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

[12] *State v. Jobes*, Del. Super., ID No. 1510004414, (Feb. 24, 2016), Tr. at 3 to 9.

that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Jobes is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[13] I confidently find that Jobes entered his guilty plea knowingly and voluntarily and that Jobes's grounds for relief are completely meritless.

## CONCLUSION

I find that Jobes's counsel represented him in a competent and effective manner and that Jobes has failed to demonstrate any prejudice stemming from the representation. I also find that Jobes's guilty plea was entered knowingly and voluntarily. I recommend that the Court *deny* Jobes's motion for postconviction relief as procedurally barred and completely meritless.

/s/Andrea M. Freud
Commissioner

AMF/dsc

---

[13] *Sommerville* 703 A.2d at 632.

8