# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1707020603 |
| | ) | |
| JONATHON DRYBURGH, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 7, 2019
Decided: April 30, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Matthew Frawley, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Jonathon Dryburgh, *pro se.*

**MAYER,** Commissioner

1

This 30th day of April, 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND HISTORY OF RELEVANT EVENTS

Jonathon Dryburgh ("Defendant") was charged with Robbery First Degree, Possession of a Firearm During the Commission of a Felony (two counts), Attempted Murder First Degree, Carrying a Concealed Deadly Weapon, Resisting Arrest, and Possession of a Firearm by a Person Prohibited. The charges stem from a series of events that occurred on July 27, 2017 while Defendant was visiting Delaware with friends.[1] Defendant stole a purse and then fled with what was believed to be a firearm. Law enforcement caught up with Defendant shortly thereafter and while attempting to evade arrest, Defendant fired shots at the officers. After a brief foot pursuit, Defendant was taken into custody. Defendant agreed to speak with the officers and provided a full confession. Defendant claimed he was high on cocaine and did not realize he was shooting at police officers.

On March 15, 2018, Defendant entered into a Plea Agreement and agreed to plead guilty to Robbery Second Degree, Attempted Murder First Degree, Possession of a Firearm During the Commission of a Felony, Resisting Arrest, and Possession of a Firearm by a Person Prohibited. Defendant understood that by entering into the

---

[1] The facts of this case were primarily taken from the Affidavit of Matthew C. Buckworth, Esquire, former trial counsel, D.I. # 22.

Plea Agreement he could be sentenced to the minimum mandatory Level V time of 23 years (or more) and that the State would recommend 26 years at Level V.[2] At that time, Defendant also executed a Truth-in-Sentencing Guilty Plea Form that advised him of the rights he was waiving by entering a guilty plea, and that the maximum penalty could be life imprisonment. When executing the form, Defendant admitted he had been a patient in a mental hospital in 2011, but that he was not under the influence of any drugs and that he was freely and voluntarily deciding to plead guilty.

On that same date, the Court engaged in a detailed plea colloquy with Defendant.[3] Again, the Court was advised that Defendant had been a patient in a mental hospital in 2011, but that counsel "believe[s] that he knows what's going on and has understood everything that we've talked about."[4] When addressed by the Court, Defendant denied that he had recently taken any drugs or consumed any alcohol, he openly discussed the conditions involving his previous hospital stay, and educated the Court about the processes in Florida.[5] Defendant clarified that he was taking Zyprexa, Prazosin and Zoloft, as prescribed, and that when taking those medications, he is able to understand the consequences of his actions and make

---

[2] D.I. # 13.
[3] *See* Guilty Plea Transcript, March 15, 2018 (hereinafter "Tr. at 2-15.").
[4] Tr. at 4.
[5] Tr. at 5-6.

reasonable decisions.[6] Defendant also confirmed that he had not been diagnosed with any physical or mental condition that would affect his ability to understand the proceedings.[7] The Court then continued with the plea colloquy and Defendant voluntarily waived his constitutional rights, admitted guilt to the charges as set forth in the Plea Agreement, and indicated he was satisfied with his counsel's representation. On July 13, 2018, Defendant was sentenced to 31 years at Level V followed by decreasing levels of probation.[8]

On December 26, 2018, Defendant filed his first Motion for Postconviction Relief (the "Motion").[9] The Motion presents two arguments: (1) Defendant's procedural due process rights as enunciated in *Pate v. Robinson*, 383 U.S. 375 (1966), were violated when the trial court failed to hold a competency hearing before accepting the guilty plea; and (2) trial counsel's failure to advise defendant of an insanity defense rendered defendant's guilty plea involuntary and constituted ineffective assistance of counsel (citing *Mendenhall v. Hopper*, 453 F. Supp. 977 (S.D. Ga. 1978)).

At the Court's direction, former trial counsel submitted an Affidavit responding to the two allegations. Trial counsel attests that throughout his

---

[6] Tr. at 6-7.
[7] *Id.* at 7.
[8] D.I. # 16.
[9] D.I. # 17.

4

representation, and during the time that the plea was entered, Defendant did not display any characteristics of incompetency.[10] Further, trial counsel did not advise Defendant regarding the possibility of an "insanity" defense because "there were no objective signs that ever made [trial counsel] question whether he appreciated the nature of his actions on July 27, 2017."

## LEGAL ANALYSIS OF CLAIMS

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the Motion.[11] This is Defendant's first motion for post-conviction relief and it was timely filed.[12] However, pursuant to Super. Ct. Crim. R. 61(i)(3) any ground for relief that was not previously raised is deemed waived, unless the movant can establish cause for relief and prejudice to the movant's rights.

Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction

---

[10] Citing *State v. Williamson*, 59 A.3d 490 (Del. Super. 2012), trial counsel implies that Defendant did not appear incompetent because he understood the nature of the proceedings and he was able to give evidence on his behalf and/or instruct counsel to assist him.

[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[12] *See* Super. Ct. Crim. R. 61(i)(1) (motion must be filed within one year of when the conviction becomes final); Super. Ct. Crim. R. 61(m)(1) (If the defendant does not file a direct appeal, the judgment of conviction becomes final 30 days after the Court imposes the sentence).

relief.[13] In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[14] To prevail in the context of a case involving a guilty plea, Defendant must show that but for counsel's errors, there is a reasonable probability that he would not have pleaded guilty and instead would have insisted on going to trial.[15] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[16] Further, mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[17] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[18] Moreover, a defendant is bound by his statements to the Court during the plea colloquy and a valid guilty plea waives his

---

[13] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).
[14] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).
[15] *Albury v. State*, 551 A.2d 53, 59 (Del.1988) (quoting *Strickland*, 466 U.S. at 694).
[16] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).
[17] *Younger v. State*, 580 A.2d at 556.
[18] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of the plea.[19]

## I. Defendant's First Claim Should be Denied

Unfortunately, many involved in the criminal justice system suffer from a mental health condition. However, the existence of such an illness does not, in and of itself, render a guilty plea involuntary nor is it a threshold that automatically compels a competency hearing. Rather, a competency determination is necessary only if the court has reason to doubt the defendant's competence.[20] In the context of a guilty plea, "a defendant's competence is predicated on whether he 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him.'"[21] Where there is no evidence that a defendant has recently ingested anything that may impair his ability to make a knowing and intelligent waiver of his constitutional rights, the trial court will not be faulted for failing to doubt competency.[22]

---

[19] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).
[20] *Weeks v. State*, 653 A.2d 266, 270 (Del. 1995), citing *Godinez v. Moran*, 509 U.S. 389 (1993).
[21] *Id*, quoting *Dusky v. United States*, 362 U.S. 402 (1960).
[22] *Id.*

Defendant's first argument, relying on *Pate v. Robinson*, is that he was entitled to a competency hearing and the trial court's failure to hold one, was a violation of his due process rights. In *Pate v. Robinson*, the defendant proceeded through trial, several witnesses testified that he had a history of disturbing behavior and the collective evidence demonstrated he was entitled to a hearing on the issue of competency.

Here, Defendant waived his right to raise the present claims when he entered his guilty plea. No indication was given to trial counsel, nor did the Court's plea colloquy evidence, a basis to believe Defendant was not competent. And although there is a basis within the record to believe Defendant suffered from a mental illness, he has not presented any evidence that, if previously before the court, would have created doubt with respect to his competency. Defendant's first claim is procedural barred because he did not present the claim in the original proceedings, and Defendant waived the claim when he entered into the guilty plea.[23]

Defendant's case is easily differentiated from *Pate v. Robinson* and is more akin to other Delaware cases. For example, in *Sartin v. State*, 2014 WL 5392047

---

[23] Defendant has also not established cause nor prejudice justifying relief from the procedural bar. *See State v. Westcott*, 2014 WL 7740466, at *1 (Del. Super. Nov. 24, 2014), citing *Younger v. State*, 5880 A.2d 552, 556 (Del. 1990) (requiring defendant to show that an external impediment prohibited him from raising the claim); *Flamer v. State*, 585 A.2d 736, 748 (Del. 1990) (defendant must demonstrate that there is a substantial likelihood that, had the claim been raised, the outcome of the case would have been different).

(Del. Super. Oct. 21, 2014), there was no indication that the defendant's mental health issues rose to the level of a viable defense and since the defendant could not show how a mental illness defense would have succeeded at trial, relief was not appropriate. Likewise, in *Newman v. State*, 2016 WL 889531 (Del. Mar. 8, 2016), the Supreme Court affirmed the denial of a motion for post-conviction relief because the defendant gave no indication that his mental health would constitute a colorable defense, and his colloquy with the court demonstrated a knowing and voluntary guilty plea. In both cases, the trial court was aware that the defendant suffered from a mental illness, each had spent some time in a psychiatric facility, and may have been taking psychotropic medication. Those facts though did not undermine the strength of the plea and waiver of rights. Similar to Sartin and Newman, Defendant did not have difficulty answering questions during the plea colloquy, and there is no evidence that his mental health rendered his guilty plea involuntary. Therefore, Defendant's first claim should be denied.[24]

## II. Defendant's Second Claim has no Merit

Defendant next argues that trial counsel was ineffective for failing to advise him of an insanity defense. "[L]egal insanity exists only if the defendant's illness

---

[24] Defendant has not argued that the court lacked jurisdiction, new evidence creating a strong inference that he is actually innocent, or that a new rule of constitutional law applies to ender the conviction invalid. As such, Defendant has not raised an exception to the procedural bar. *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i), (ii).

undermines his culpability to such an extent that punishment becomes inappropriate."[25] In Delaware, a defendant may be found not guilty by reason of insanity if he/she prevails on an affirmative defense by establishing that "at the time of the conduct charged, as a result of mental illness or serious mental disorder, the accused lacked substantial capacity to appreciate the wrongfulness of the accused's conduct."[26] However, if a mental illness or alleged insanity was proximately caused by the individual's voluntary ingestion of illegal drugs or alcohol, a defendant may not rely upon the defense of not guilty by reason of insanity, nor may a jury return a verdict of guilty but mentally ill.[27]

Here, shortly after having been taken into custody, Defendant confessed but sought to excuse his actions because he was under the influence of cocaine. Trial counsel was fully aware of these circumstances and knew that the law would not excuse his acts. In addition, trial counsel attests that Defendant appreciated the nature of his actions on July 27, 2017. As such, there was no legal basis for an insanity defense.

Defendant's reference to *Mendenhall v. Hopper* is likewise misplaced. In that case, trial counsel was aware of a psychiatric evaluation that he did not share with

---

[25] *Sanders v. State*, 585 A.2d 117, 123 (Del. 1990).
[26] 11 Del. C. §401(a).
[27] *See e.g., Norman v. State*, 976 A.2d 843, 854 (Del. Super. 2009), citing 11 Del. C. §401(c) and 11 Del. C. §422.

10

his client and therefore, trial counsel was ineffective for not adequately conferring with his client and investigating the possibility of a mental illness defense. This case does not lead to the same result. Defendant has not presented a psychological evaluation or expert opinion that would have supported a mental illness defense, nor has he demonstrated that trial counsel was aware of one and failed to pursue it. Trial counsel will not be deemed ineffective for neglecting to present a meritless defense. Having found no error by trial counsel, the Court need not turn to the second prong of the *Strickland* standard.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

cc: Prothonotary
  Matthew Frawley, Esquire
  Matthew C. Buckworth, Esquire
  Jonathon Dryburgh

11